IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CALUMET SHREVEPORT REFINING, L.L.C.; PLACID REFINING COMPANY, L.L.C.; and ERGON REFINING, INC., | |
| *Petitioners*, | No. 22-60266 |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| *Respondent*. | |

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case, to the best of counsel's knowledge. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.    Calumet Shreveport Refining, LLC—Petitioner—incorporated under the laws of Delaware, is owned 100 percent by Calumet Specialty Products Partners, L.P.

2.    Calumet Specialty Products Partners, L.P.—parent of Petitioner Calumet Shreveport Refining, LLC—incorporated under the laws of Delaware is a

refiner of petroleum products. Calumet Specialty Products Partners, L.P. has no parent company, and no publicly held company has a ten percent or greater ownership interest in it.

3.      Ergon, Inc.—is the parent company of Petitioner Ergon Refining, Inc.

4.      Ergon Refining, Inc.—Petitioner— incorporated under the laws of Mississippi, is a refiner of petroleum products. Ergon Refining, Inc. is wholly owned by parent company Ergon, Inc. No publicly held company has a ten percent or greater ownership interest in it.

5.      Hardin, Jonathan G.—Perkins Coie, LLP—counsel for Petitioners.

6.      Jacobi, Patrick R.—Attorney, United States Department of Justice—counsel for Respondent United States Environmental Protection Agency.

7.      Placid Holding Company—parent of Petitioner Placid Refining Company LLC.

8.      Placid Refining Company LLC—Petitioner—a limited liability company organized under the laws of Delaware, is a refiner of petroleum products. Placid Refining Company LLC is owned 100 percent by its parent companies Placid Holding Company and RR Refining, Inc., and no publicly held company has a ten percent or greater ownership interest in it.

9.      RR Refining, Inc.—parent of Petitioner Placid Refining Company LLC.

10.   United States Environmental Protection Agency—Respondent.

11.   Worsham, Karl—Perkins Coie, LLP—counsel for Petitioners.


Date: June 22, 2022                    s/ *Patrick R. Jacobi*
                                       PATRICK R. JACOBI
                                       Environment and Natural
                                       Resources Division
                                       U.S. Department of Justice
                                       Environmental Defense Section
                                       Denver Place Building
                                       999 18th Street
                                       Suite 370–South Terrace
                                       Denver, CO 80202
                                       Tel:  (303) 844-1348
                                       patrick.r.jacobi@usdoj.gov

                                       *Counsel of record for Respondent*
                                       *United States Environmental*
                                       *Protection Agency*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

CALUMET SHREVEPORT REFINING, L.L.C.; PLACID REFINING
COMPANY, L.L.C.; AND ERGON REFINING, INC.,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

———————————

PETITION FOR REVIEW OF A FINAL ACTION OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY

———————————

**EPA'S MOTION TO TRANSFER THE PETITION FOR REVIEW TO THE
D.C. CIRCUIT OR DISMISS BASED ON IMPROPER VENUE**

———————————

                                        TODD KIM
                                        *Assistant Attorney General*
*Of Counsel:*                           PATRICK R. JACOBI
SUSAN STAHLE                            *U.S. Department of Justice*
  *Office of the General Counsel*         *Environment and Natural Resources*
  *U.S. Environmental Protection*           *Div.*
    *Agency*                             *999 18th Street*
  *Washington, DC*                       *Suite 370 – South Terrace*
                                        *Denver, CO 80202*

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................... ii

INTRODUCTION ................................................................................1

BACKGROUND ..................................................................................1

    A.    Judicial Review in the Courts of Appeals Under the
           Clean Air Act .........................................................................1

    B.    The Renewable Fuel Standard Program and Temporary
           Exemption for Small Refineries.................................................3

    C.    EPA's Initial Small Refinery Exemption Decision for the
           2018 RFS Compliance Year and the D.C. Circuit's
           Remand ................................................................................4

    D.    EPA's Proposed Denial of Sixty-Five Pending Small
           Refinery Exemptions Petitions and Final Action Denying
           the Thirty-Six Remanded 2018 Petitions....................................5

    E.    Consolidated Petitions for Review of EPA's April 2022
           Denial Action in the D.C. Circuit ..............................................8

    F.    Petitions for Review of EPA's April 2022 Denial Action
           Outside of the D.C. Circuit .......................................................9

ARGUMENT ....................................................................................10

I.    THIS CIRCUIT IS NOT THE PROPER FORUM FOR
       REVIEWING EPA'S APRIL 2022 DENIAL ACTION. ...................10

    A.    The Petitions for Review May Be Filed Only in the D.C.
           Circuit Because EPA's April 2022 Denial Action Is
           Nationally Applicable. ...........................................................11

    B.    The D.C. Circuit Is the Proper Venue Because EPA Has
           Made and Published an Express, Unambiguous
           Determination of Nationwide Scope or Effect. ........................17

CONCLUSION ...................................................................................................20

CERTIFICATE OF COMPLIANCE......................................................................22

CERTIFICATE OF SERVICE ..............................................................................23

## INTRODUCTION

Respondent United States Environmental Protection Agency ("EPA") moves to transfer Calumet Shreveport Refining, L.L.C.'s, Placid Refining Company, L.L.C.'s, and Ergon Refining, Inc.'s petitions for review from this Court to the D.C. Circuit or dismiss based on improper venue.

Petitioners challenge EPA's April 2022 Denial of Petitions for RFS Small Refinery Exemptions, EPA-420-R-22-005 ("April 2022 Denial Action"); 87 Fed. Reg. 24300 (Apr. 25, 2022) (publishing notice). The Clean Air Act ("CAA") makes venue for these petitions exclusive in the D.C. Circuit for two independent reasons. First, the April 2022 Denial Action is "nationally applicable." 42 U.S.C. § 7607(b)(1). Second, EPA made and published a finding that this action is based on a determination of "nationwide scope or effect." *Id.* Accordingly, the Court should transfer all three petitions for review to the D.C. Circuit or dismiss.[1]

## BACKGROUND

### A.    Judicial Review in the Courts of Appeals Under the Clean Air Act

When a petitioner seeks review of an EPA final action taken pursuant to the CAA, section 307(b)(1) of that statute, 42 U.S.C. § 7607(b)(1), makes venue exclusive in a single court of appeals. To determine which circuit court, the CAA

---

[1] Based on discussions with Petitioners' counsel, EPA's counsel expects that Petitioners will file an opposition to this motion.

classifies final actions into three categories.  First, challenges to "nationally applicable" EPA actions "may be filed only in the" D.C. Circuit.  *Id.*  Second, a petition for review of an EPA final action "which is locally or regionally applicable may be filed only in the" court of appeals for the appropriate regional circuit.  *Id.*  Third, if, however, the locally or regionally applicable action "is based on a determination of nationwide scope or effect and if in taking such action the Administrator [of EPA] finds and publishes that such action is based on such a determination," then any petition for review "may be filed only in the" D.C. Circuit.  *Id.*  That is, even an action that is otherwise locally or regionally applicable nonetheless must be reviewed in the D.C. Circuit if it is based on EPA's determination of nationwide scope or effect and if in taking that action EPA makes and publishes a finding that the action is based on that determination.  *See Dalton Trucking*, *Inc. v. EPA*, 808 F.3d 875, 878–80 (D.C. Cir. 2015).

This Court has held that these provisions are non-jurisdictional venue provisions.  *See, e.g.*, *Texas v. EPA*, 983 F.3d 826, 833 (5th Cir. 2020) (concluding that "§ 7607(b)(1) is a 'two-fold provision' that is both 'a conferral of jurisdiction upon the courts of appeals' and a requirement that 'delineates the appropriate venue for challenges'" (citation omitted)).  The circuit-selection provisions in 42 U.S.C. § 7607(b)(1) must be enforced unless EPA has waived its venue objection, which it has not done here.  *Dalton Trucking*, 808 F.3d at 879–80.  If the Court

concludes that the proper forum for this petition is the D.C. Circuit, the Court may dismiss or transfer this petition to the proper forum. *E.g.*, *ATK Launch Sys. Inc. v. EPA*, 651 F.3d 1194, 1196 n.1 (10th Cir. 2011).

### B.    The Renewable Fuel Standard Program and Temporary Exemption for Small Refineries

In 2005 and 2007, Congress amended the CAA to establish the Renewable Fuel Standard ("RFS") program, now codified at 42 U.S.C. § 7545(*o*). *See* Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594 (2005); Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 1492 (2007). Each year, EPA issues an annual rule setting the "applicable volume" for each fuel type and converting those into "percentage standards" that require certain obligated parties—namely, refiners and importers of transportation fuel—to introduce renewable fuel into the transportation fuel market. 42 U.S.C. § 7545(*o*)(2)–(3); 40 C.F.R. § 80.1406.

Congress created a temporary exemption from the RFS program for certain obligated parties that qualify as "small refineries." 42 U.S.C. § 7545(*o*)(9). Relevant here, Congress provided that a small refinery "may at any time petition the Administrator [of EPA] for an extension of the exemption under subparagraph (A) for the reason of disproportionate economic hardship." *Id*. § 7545(*o*)(9)(B)(i).

**C.    EPA's Initial Small Refinery Exemption Decision for the
2018 RFS Compliance Year and the D.C. Circuit's Remand**

Many small refineries located across the United States petitioned EPA for
extensions of the small refinery exemption for their individual 2018 RFS
compliance year obligations.  On August 9, 2019, EPA acted on thirty-six of these
petitions in a two-page decision, granting thirty-one of the petitions and denying
five.  This decision was the subject of nine petitions for review, five of which were
filed in the D.C. Circuit.  *See* Nos. 19-1196, 19-1197, 19-1216, 19-1220, and 20-
1099.[2]  Three parties sought review in the Tenth Circuit but later conceded or
withdrew objection to the D.C. Circuit as the proper venue.  *See* Pet'rs'
Preliminary Opening Br. at 3, *Sinclair Wyo. Refin. Co. v. EPA*, No. 19-1196 (D.C.
Cir. Dec. 7, 2020) ("Petitioners waive their earlier objection to venue in this Court
and agree that this Court should review EPA's final actions denying Sinclair's . . .
petition[] for small refinery exemption[] for 2018."), Doc. 1874754 at 3
(redacted);[3] Pet'r Resp. at 3, *Wynnewood Refin. Co., LLC v. EPA*, No. 19-9589

---

[2] One petition was filed in another regional circuit under seal.

[3] Two petitioners stipulated to dismissal in the Tenth Circuit, and the court
dismissed those cases without judicial action.  *See* Order, *Big West Oil, LLC v.
EPA*, No. 19-9576 (10th Cir. Dec. 16, 2021), Doc. 010110620380; Order, *Sinclair
Wyo. Refin. Co. v. EPA*, No. 19-9562 (10th Cir. Dec. 17, 2021), Doc.
010110620525.

(10th Cir. Mar. 13, 2020) (stating that petitioner "withdraws its opposition to EPA's motion to transfer this case to the D.C. Circuit"), Doc. 010110319600 at 3.[4]

On August 25, 2021, EPA moved for voluntary remand without vacatur in all five cases in the D.C. Circuit. *E.g.*, EPA's Motion for Voluntary Remand, *Sinclair Wyo. Refin. Co. v. EPA*, No. 19-1196 (consol. with 19-1197) (D.C. Cir.), Doc. 1911606. After full briefing, the D.C. Circuit exercised its jurisdiction and remanded the thirty-six small refinery exemption petition decisions for the 2018 RFS compliance year to the Agency on December 8, 2021, with instructions to issue new decisions within 120 days. *See* Order, *Sinclair Wyo. Refin. Co. v. EPA*, No. 19-1196 (consol. with 19-1197) (D.C. Cir.), Doc. 1925942.

> ### D.    EPA's Proposed Denial of Sixty-Five Pending Small Refinery Exemptions Petitions and Final Action Denying the Thirty-Six Remanded 2018 Petitions

On December 7, 2021, one day before the D.C. Circuit's remand order, EPA put forth a new proposal to deny sixty-five pending exemption petitions based on its application of a new statutory interpretation and common analytical method, under which it concluded that compliance with the RFS program does not cause small refineries to bear disproportionate economic hardship. *See* EPA, Proposed RFS Small Refinery Exemption Decision, EPA-420-D-21-001,

---

[4] *See also* Order, *Wynnewood Refin. Co., LLC v. EPA*, No. 19-9589 (10th Cir. Mar. 26, 2020) (transferring petition and closing case), Doc. 010110325533.

https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P1013KMM.pdf (last visited June 14, 2022) ("Proposed Denial"); *see also* Notice of Opportunity To Comment on Proposed Denial of Petitions for Small Refinery Exemptions, 86 Fed. Reg. 70999 (Dec. 14, 2021).

Shortly after, EPA notified stakeholders that it was considering the inclusion of the remanded, newly-pending 2018 exemption petitions as part of the Proposed Denial and solicited public comment on the issue. *See* Mem. from EPA Staff to Docket No. EPA-HQ-OAR-2021-0566 re Scope of Action and Notifications (Jan. 18, 2022) (attaching Jan. 3, 2022 EPA email to affected small refineries), https://www.regulations.gov/document/EPA-HQ-OAR-2021-0566-0027 (last visited June 9, 2022).

On April 7, 2022, EPA denied all thirty-six exemption petitions for the 2018 RFS compliance year that had been remanded to the Agency. *See generally* April 2022 Denial Action, https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P1014EG4.pdf (last visited June 16, 2022). As proposed in December 2021, the April 2022 Denial Action applied EPA's new interpretation of the CAA provisions regarding disproportionate economic hardship for exemption petitions for the first time in a final agency action. EPA concluded that none of the thirty-six 2018 petitions demonstrated disproportionate economic hardship caused by compliance with the RFS program.

With regard to any potential petitions for review, EPA stated that:

This final action is "nationally applicable" within the meaning of CAA
section 307(b)(1). In the alternative, to the extent a court finds this final
action to be locally or regionally applicable, the Administrator is
exercising the complete discretion afforded to him under the CAA to
make and publish a finding that this action is based on a determination
of "nationwide scope or effect" within the meaning of CAA section
307(b)(1). This final action denies 36 [small refinery exemption]
petitions for exemptions from the RFS program for over 30 small
refineries across the country and applies to small refineries located
within 18 states in 7 of the 10 EPA regions and in 8 different federal
judicial circuits. This final action is based on EPA's revised
interpretation of the relevant CAA provisions and the RIN discount and
RIN cost passthrough principles that are applicable to all small
refineries no matter the location or market in which they operate.[5] For
these reasons, this final action is nationally applicable or, alternatively,
the Administrator is exercising the complete discretion afforded to him
by the CAA and hereby finds that this final action is based on a
determination of nationwide scope or effect for purposes of CAA
section 307(b)(1) and is hereby publishing that finding in the *Federal
Register*.

April 2022 Denial Action at 71–72; *see also* 87 Fed. Reg. at 24300–01 (same).

---

[5] As part of the RFS, the CAA requires EPA to implement a credit-trading
program. Specifically, the program must allow obligated parties possessing more
credits than needed to comply with their RFS obligations in a given year either to
apply those credits toward compliance in a subsequent year or sell the credits to
another obligated party to be used to demonstrate that party's compliance. *See* 42
U.S.C. § 7545(*o*)(5)(A)–(C). EPA implemented these requirements by establishing
a system of tradeable credits known as "Renewable Identification Numbers" or
"RINs."

E.    **Consolidated Petitions for Review of EPA's April 2022
Denial Action in the D.C. Circuit**

To date and to counsel's knowledge, at least thirteen petitioners have filed

six petitions for review of EPA's April 2022 Denial Action in the D.C. Circuit.

*See* Petition for Review, *Sinclair Wyo. Refin. Co. LLC, et al. v. EPA*, No. 22-1073

(D.C. Cir. May 4, 2022), Doc. 1945539; Petition for Review, *HollyFrontier*

*Cheyenne Refin. LLC, et al. v. EPA*, No. 22-1075 (D.C. Cir. May 6, 2022), Doc.

1946200; Petition for Review, *Delek U.S. Holdings, Inc., et al. v. EPA*, No. 22-

1100 (D.C. Cir. June 6, 2022), Doc. 1949938; *Cenovus Energy, Inc., et al. v. EPA*,

No. 22-1102 (D.C. Cir. June 8, 2022); Petition for Review, *United Refin. Co. v.*

*EPA*, No. 22-1115 (D.C. Cir. June 17, 2022), Doc. 1951301.[6]  None of these

petitioners has challenged EPA's April 2022 Denial Action outside of the D.C.

Circuit.

The D.C. Circuit has consolidated these petitions.  Orders, *Sinclair Wyo.*

*Refin. Co. LLC, et al. v. EPA*, No. 22-1073, Docs. 1946205, 1949952, 1950217,

1951309, 1951525.  On June 3, 2022, the D.C. Circuit granted EPA's unopposed

motion for a sixty-day extension of initial submissions and other deadlines to allow

EPA to file motions to dismiss or transfer petitions for review challenging the

April 2022 Denial Action in other courts to the D.C. Circuit.  *See* Order, *Sinclair*

---

[6] Another petition has been filed in the D.C. Circuit as case number 22-1114, but
counsel has not yet obtained a file-stamped copy of that petition.

*Wyo. Refin. Co. LLC, et al. v. EPA*, No. 22-1073 (D.C. Cir. June 3, 2022), Doc. 1949245.

**F.    Petitions for Review of EPA's April 2022 Denial Action Outside of the D.C. Circuit**

To date and to counsel's knowledge, eleven petitioners represented by the same counsel have filed ten petitions for review of EPA's April 2022 Denial Action in six courts outside of the D.C. Circuit, including in this Court. *See* Petition for Review, *Calumet Shreveport Refin., LLC v. EPA*, No. 22-60266 (5th Cir. May 3, 2022), Doc. 00516304124; Petition for Review, *Placid Refin. Co., LLC v. EPA*, No. 22-60266 (5th Cir. May 9, 2022), Doc. 00516311895; Petition for Review, *Hunt Refin. Co. v. EPA*, No. 22-11617 (11th Cir. May 12, 2022); Petition for Review, *Countrymark Refin. and Logistics LLC v. EPA*, No. 22-1878 (7th Cir. May 18, 2022), Doc. 1-1; Petition for Review, *Am. Refin. Grp., Inc. v. EPA*, No. 22-1991 (3d Cir. May 23, 2022), Doc. 1-1; *Ergon Refin., Inc. v. EPA*, No. 22-60266 (5th Cir. June 20, 2022), Doc. 00516362620; Petition for Review, *Calumet Mont. Refin. v. EPA*, No. 22-70124 (9th Cir. June 21, 2022), Doc. 1-6; Petition for Review, *Par Haw. Ref., LLC, et al. v. EPA*, No. 22-70125 (9th Cir. June 21, 2022), Doc. 1-6; Petition for Review, *San Joaquin Refin. Co, Inc. v. EPA*, No. 22-70126 (9th Cir. June 21, 2022), Doc. 1-2; Petition for Review, *Wyo. Refin. Co. v. EPA*, No. 22-9538 (10th Cir. June 21, 2022), Doc. 010110699291.  None of these

petitioners has challenged EPA's April 2022 Denial Action in the D.C. Circuit.

The deadline to file such a petition is June 24, 2022.

On May 25, 2022, the Third and Eleventh Circuits ordered the parties in the respective cases to address whether the petitions for review should be heard in the D.C. Circuit. *See* Order, *Am. Refin. Grp., Inc. v. EPA*, No. 22-1991 (3d Cir. May 25, 2022), Doc. 3; Letter, *Hunt Refin. Co. v. EPA*, No. 22-11617 (11th Cir. May 25, 2022). For the reasons explained below, EPA will also file motions to dismiss or transfer in this Court, the Seventh Circuit, the Ninth Circuit, and the Tenth Circuit, as well as any other circuits outside of the D.C. Circuit in which petitions for review of the April 2022 Denial Action are filed.

## ARGUMENT

## I.    THIS CIRCUIT IS NOT THE PROPER FORUM FOR REVIEWING EPA'S APRIL 2022 DENIAL ACTION.

The petitions for review should be dismissed or transferred to the D.C. Circuit because this Court is not the proper forum.[7] While Petitioners ostensibly

---

[7] Despite the clear language in 42 U.S.C. § 7607(b)(1) and the April 2022 Denial Action regarding judicial review, as well as the Third Circuit's and the Eleventh Circuit's sua sponte inquiries, Petitioners in this case and in other regional circuits have risked prejudice to their petitions by not filing protective petitions in the D.C. Circuit even as the sixty-day filing deadline of June 24, 2022, approaches. *See* 87 Fed. Reg. 24300 (publishing notice on April 25, 2022, and triggering the 60-day statutory deadline). Petitioners are free to file protective petitions in the D.C. Circuit on or before June 24, 2022, which would eliminate potential prejudice arising from dismissal.

challenge only EPA's denial of Petitioners' exemption petitions for their facilities located within the geographic boundaries of this Circuit, that denial is contained within a final agency action that applies to thirty-six small refineries located in eighteen states in the geographical boundaries of eight different circuit courts. Such actions are "nationally applicable" under the CAA. Additionally, EPA made and published a finding that this action is "based on a determination of nationwide scope or effect," making the D.C. Circuit the proper forum regardless of whether the action could be considered "locally or regionally applicable." If Petitioners wish to seek review of EPA's final action, they must pursue their cases in the D.C. Circuit.

A. **The Petitions for Review May Be Filed Only in the D.C. Circuit Because EPA's April 2022 Denial Action Is Nationally Applicable.**

Petitioners may seek review of EPA's April 2022 Denial Action—as others are already doing in the D.C. Circuit—but they may not do so in this Court. A petition for review of any CAA "nationally applicable regulations promulgated, or final action taken, by the Administrator [of EPA] . . . may be filed only" in the D.C. Circuit. 42 U.S.C. § 7607(b)(1). Whether an action is "nationally applicable" or "locally or regionally applicable" is a narrow inquiry based only on the "face" of the action. *Dalton Trucking*, 808 F.3d at 881. The question is whether the action itself is nationally applicable, not whether the nature and scope

11

of the arguments raised or relief sought by a petitioner are nationally applicable. *S. Ill. Power Coop. v. EPA*, 863 F.3d 666, 670–71 (7th Cir. 2017); *Texas v. EPA*, No. 10-60961, 2011 WL 710598, at *3 (5th Cir. Feb. 24, 2011) (similar) (citation omitted); *ATK Launch Sys.*, 651 F.3d at 1197, 1199. Indeed, going beyond the face of the challenged agency action to determine whether it is nationally applicable would require a court to consider arguments about the effects or validity of an action that a petitioner is not required to present in its petition for review and that, accordingly, are not before a court during a typical venue determination. *See* Fed. R. App. P. 15(a)(2).

On its face, the April 2022 Denial Action is a nationally applicable action. While EPA decided thirty-six exemption petitions, it did so using a "common, nationwide analytical method." *S. Ill. Power*, 863 F.3d at 671 (concluding that a rule "of broad geographic scope containing air quality attainment designations covering 61 geographic areas across 24 states" was nationally applicable); *see also ATK Launch Sys.*, 651 F.3d at 1197–98, 1200 (concluding that, because the challenged EPA rule establishes air quality designations "for most areas in the United States," despite "case-by-case consideration of areas and boundaries," the rule was nationally applicable (citation and internal quotations omitted)).

Specifically, EPA based the denials on its "revised interpretation of the relevant CAA provisions and the RIN discount and RIN cost passthrough

principles that are applicable to all small refineries no matter the location or market in which they operate." April 2022 Denial Action at 72; 87 Fed. Reg. at 24301. Among other things, EPA found that, regardless of location: (1) "all obligated parties recover the cost of acquiring RINs by selling the gasoline and diesel fuel they produce at the market price, which reflects these RIN costs (RIN cost passthrough)"; (2) all "blenders use the revenue from RIN sales to discount the price of the blended fuel they sell (RIN discount)"; (3) "[t]he RFS obligation is the same for every gallon of gasoline and diesel fuel"; (4) "RINs are generally widely available in an open and liquid market"; and (5) "[t]he cost of acquiring RINs is the same for all parties." April 2022 Denial Action at 29; *see also id.* ("All types of obligated parties bear the same cost from compliance with the RFS program as these aspects of the RFS program and the RIN market facilitate the RIN cost passthrough and the RIN discount principles discussed above."). The April 2022 Denial Action made no unique or individualized findings as to the ability of any of the thirty-six petitioning refineries to recover the costs of RFS compliance, and EPA did not adjust its statutory interpretation and economic theory to the particulars of any specific small refinery, or the region in which a refinery operates. The April 2022 Denial Action is therefore nationally applicable.

This Court's jurisprudence supports this conclusion. In a challenge to EPA's nationwide call for revisions to various state implementation plans

promulgated under the CAA, known as a "SIP call," EPA moved to transfer the action to the D.C. Circuit. *See Texas*, 2011 WL 710598, at *1. Focusing on the "location of the persons or enterprises that the action regulates rather than on where the effects of the action are felt," this Court concluded that an agency action affecting thirteen states that spanned seven federal circuits was nationally applicable and that its decision was "consistent with the holdings of our sister circuits to have considered the question." *Id.* at *3, *5. By contrast, where this Court has declined to transfer a petition for review to the D.C. Circuit, the actions at issue were, by comparison, much more locally or regionally applicable. *See, e.g.*, *Texas*, 983 F.3d at 833 (declining to transfer a challenge to air quality designations for "four contiguous Texas counties"); *Texas v. EPA*, 706 F. App'x 159, 163–64 (5th Cir. 2017) (declining to transfer a challenge to a supplemental rule that "establishes [air quality] designations for only areas in Texas" and where "its direct legal impacts are limited to Texas"); *Texas v. EPA*, 829 F.3d 405, 421 (5th Cir. 2016) (declining to transfer a challenge to EPA's actions regarding Texas and Oklahoma SIPs because "[t]hese determinations all related to the particularities of the emissions sources in Texas and the confluence of factors impacting visibility at two locations in Texas and one in southwest Oklahoma"). The April 2022 Denial Action is simply more akin to a nationwide SIP call and easily distinguishable from the regulation of specific geographic areas under the

CAA. Under this Court's precedent, the April 2022 Denial Action is nationally applicable.

The nature of the RFS small refinery exemption program does not dictate a different outcome. The proper forum under 42 U.S.C. § 7607(b)(1) turns on whether "any" agency action is "nationally applicable" under 42 U.S.C. § 7607(b)(1), not on whether the action is taken under any particular program, such as the RFS program. Thus, for example, while the Eighth Circuit concluded that it was the proper forum for review of an EPA action denying an exemption petition for a single Arkansas small refinery, the court determined that the action was locally applicable based on the refinery's location within the geographic boundaries of the relevant circuit. *See Lion Oil Co. v. EPA*, 792 F.3d 978, 981–82 (8th Cir. 2015).[8] But here, the challenged April 2022 Denial Action applies to facilities located across the country and is based on legal and economic conclusions applicable to those facilities regardless of their location. That makes it a nationally applicable agency action.

It makes no difference whether Petitioners purport to take issue with the effects of EPA's April 2022 Denial Action only as applied to their individual facilities. *See* Joint Docketing Statement, Doc. 00516348727, at 2. The April

---

[8] EPA did not make and publish an express determination of "nationwide scope or effect" under 42 U.S.C. § 7607(b)(1) in *Lion Oil*.

2022 Denial Action must be viewed in its entirety for purposes of the 42 U.S.C. § 7607(b)(1) analysis. *See, e.g.*, *Texas*, 829 F.3d at 419 ("The question of applicability turns on the legal impact of the action *as a whole*.") (emphasis added) (citations omitted)). A contrary approach as to what constitutes an action of "national applicability" would needlessly complicate the 42 U.S.C. § 7607(b)(1) analysis and create difficult line-drawing problems. *Cf. Nat. Res. Def. Council v. Thomas*, 838 F.2d 1224, 1249 (D.C. Cir. 1988) (rejecting the argument that the de facto scope of regulation is controlling for purposes of determining venue under 42 U.S.C. § 7607(b)(1) and noting that, otherwise, "choice of the correct forum might raise complex factual and line-drawing problems," which would be "a complication of the jurisdictional test [that] would waste time and serve little purpose").

Even if the nature of Petitioners' challenges were relevant to the question of forum (which it is not), any arguments that Petitioners could make in this case would be inextricably intertwined with arguments applicable to all the other denials from other regions because they were based on the same rationale and methodology. At bottom, Petitioners' decisions to file their petitions for review in this Court invite multiple circuits to review the merits of the methodology that EPA applied in a single agency action to all petitioning small refineries across the

nation and potentially to reach different outcomes, a result that Congress sought to avoid for nationally applicable actions.

Accordingly, to obtain review of EPA's April 2022 Denial Action insofar as it applies to Petitioners' individual refineries within the geographic boundaries of this Circuit, Petitioners must pursue their cases in the D.C. Circuit.  42 U.S.C. § 7607(b)(1).

### B.     The D.C. Circuit Is the Proper Venue Because EPA Has Made and Published an Express, Unambiguous Determination of Nationwide Scope or Effect.

Petitioners must pursue their petition in the D.C. Circuit for a second, independent reason:  EPA has made and published an express determination of "nationwide scope or effect" under 42 U.S.C. § 7607(b)(1) with robust support as discussed in Argument, Part I.A, *supra*.  Given that EPA has made this finding and published it in the April 2022 Denial Action and in the *Federal Register*, any petitions for review must be filed in the D.C. Circuit, even if a specific denial of an exemption petition for an individual small refinery might be seen in isolation as locally or regionally applicable.  42 U.S.C. § 7607(b)(1).

The D.C. Circuit deferred to EPA's determination of nationwide scope or effect in similar circumstances in *Alcoa, Inc. v. EPA*, No. 04-1189.  Alcoa challenged EPA's final rule that established designations for the ozone national ambient air quality standards, in which EPA made and published a finding that the

rule was based on a determination of "nationwide scope or effect."  Air Quality

Designations and Classifications for the 8-Hour ozone National Ambient Air

Quality Standards; Early Action Compact Areas With Deferred Effective Dates, 69

Fed. Reg. 23858, 23875 (Apr. 30, 2004).  Alcoa filed petitions for review in both

the D.C. Circuit and the Seventh Circuit, and then filed a motion with the D.C.

Circuit seeking to transfer its petition for review to the Seventh Circuit on the

grounds that its petition challenged a "regional" or "local" action, i.e., EPA's

designation of a specific county in Indiana.  The D.C. Circuit rejected Alcoa's

motion, concluding that EPA had "unambiguously determined that the final action

. . . has nationwide scope and effect" and that "all petitions for review of this action

belong in this Circuit" under 42 U.S.C. § 7607(b)(1).  *Alcoa, Inc. v. EPA*, No. 04-

1189, 2004 WL 2713116, at *1 (D.C. Cir. Nov. 24, 2004).[9]  Likewise, this Court

should apply the plain language of 42 U.S.C. § 7607(b)(1) and conclude that

Petitioners may file their petitions only in the D.C. Circuit in light of EPA's

unambiguous finding that the April 2022 Denial Action is based on a

determination of "nationwide scope or effect."

---

[9] This Court's decision in *Texas v. EPA*, 829 F.3d 405, 421 (5th Cir. 2016), is distinguishable from *Alcoa* based on the Court's conclusion that the challenged action related only to locations in Oklahoma and Texas.

This outcome is not only consistent with the plain language of 42 U.S.C. § 7607(b)(1), it also promotes the principles underlying that provision. *See, e.g.*, *Texas*, 2011 WL 710598, at *4 (concluding that "Congress intended the D.C. Circuit to review matters on which national uniformity is desirable" as a means to take advantage of the D.C. Circuit's "administrative law expertise" and facilitate "the orderly development of the basic law under the Act" and because "[c]entralized review of national issues is preferable to piecemeal review of national issues in the regional circuits, which risks potentially inconsistent results" (citations and internal quotation marks omitted)). Giving effect to EPA's determination that the April 2022 Denial Action is of "nationwide scope or effect" under 42 U.S.C. § 7607(b)(1) will ensure that petitions for review are consolidated in the circuit court designated by Congress to hear them and avoid piecemeal litigation, further judicial economy, and eliminate the risk of inconsistent judgments. If not, there would be little point in Congress allowing EPA to make a determination of "nationwide scope or effect" that should control venue. Moreover, EPA's determination was well-supported and reasonable. *See* Argument, Part I.A, *supra*.

Dismissal or transfer will also conserve the resources of the Court and the parties. EPA will otherwise face the hardship of having to litigate the same merits arguments simultaneously in multiple cases in multiple circuits. *See, e.g.*, *United*

*Steelworkers of Am., AFL-CIO CLC v. Marshall*, 592 F.2d 693, 697–98 (3d Cir. 1979) (discussing "the desirability of concentrating litigation over closely related issues in the same forum so as to avoid duplication of judicial effort" and ultimately transferring the case to the D.C. Circuit because of the challenged regulations' relation to CAA ambient air quality standards, for which a challenge "may be brought only in the" D.C. Circuit under 42 U.S.C. § 7607(b)(1)). The D.C. Circuit has already consolidated multiple challenges to the same agency action challenged here and will likely further consolidate this and any other transferred petitions, which will allow EPA and all petitioners to brief and argue this case once in a single court. For all these reasons, Petitioners must pursue their cases in the D.C. Circuit. 42 U.S.C. § 7607(b)(1).

## CONCLUSION

For all the foregoing reasons, the Court should dismiss or transfer the three petitions for review to the D.C. Circuit.

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

s/ *Patrick R. Jacobi*
PATRICK R. JACOBI
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
Suite 370—South Terrace
Denver, CO 80202
Tel:  (303) 844-1348
patrick.r.jacobi@usdoj.gov

Of Counsel:

SUSAN STAHLE
U.S. Environmental Protection Agency
Office of General Counsel
Washington, DC

June 22, 2022

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 4,772 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion was prepared in Microsoft Word 2016 with the proportionally-spaced typeface of Times New Roman 14-point.

Dated:  June 22, 2022                           s/ *Patrick R. Jacobi*
                                                PATRICK R. JACOBI

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing EPA's Motion to Transfer the

Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue on all

registered counsel through the Court's electronic filing system (ECF).


Dated:  June 22, 2022                    s/ *Patrick R. Jacobi*
                                         PATRICK R. JACOBI