No. 22-60266

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――

CALUMET SHREVEPORT REFINING, LLC; PLACID REFINING COMPANY, LLC; ERGON REFINING, INC.; AND WYNNEWOOD REFINING COMPANY, LLC,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent,

―――――――――

PETITION FOR REVIEW OF A FINAL ACTION OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

―――――――――

**EPA'S REPLY IN SUPPORT OF MOTION TO TRANSFER THE PETITIONS FOR REVIEW TO THE D.C. CIRCUIT OR DISMISS BASED ON IMPROPER VENUE**

―――――――――

|  |  |
|---|---|
|  | TODD KIM |
|  | *Assistant Attorney General* |
| *Of Counsel:* | PATRICK R. JACOBI |
| SUSAN STAHLE | *U.S. Department of Justice* |
|   *Office of the General Counsel* | *Environment and Natural Resources* |
|   *U.S. Environmental Protection* |   *Div.* |
|     *Agency* | *999 18th Street* |
|   *Washington, DC* | *Suite 370 – South Terrace* |
|  | *Denver, CO 80202* |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

INTRODUCTION ............................................................................................. 1

ARGUMENT ..................................................................................................... 2

    I.    THE COURT SHOULD GRANT EPA'S VENUE MOTION BECAUSE THE APRIL 2022 DENIAL ACTION IS NATIONALLY APPLICABLE. ........................................................ 2

    II.   THE COURT SHOULD GRANT EPA'S VENUE MOTION BECAUSE EPA MADE AND PUBLISHED AN EXPRESS DETERMINATION OF NATIONWIDE SCOPE OR EFFECT. ......... 7

    III.  EPA'S VENUE MOTION IS CONSISTENT WITH ITS PAST PRACTICE. ............................................................................................. 9

CONCLUSION ................................................................................................ 11

CERTIFICATES OF COMPLIANCE .............................................................. 12

CERTIFICATE OF SERVICE ......................................................................... 13

# INTRODUCTION

The April 2022 Denial Action decided thirty-six small refinery exemption petitions—for refineries in jurisdictions that span eight regional circuits—in a single, final action under the Clean Air Act ("CAA"), explaining that its action is both "nationally applicable" and "based on a determination of nationwide scope or effect." Congress has assigned to the D.C. Circuit every petition for review of an EPA decision under the CAA that falls into either category. 42 U.S.C. § 7607(b)(1). Unlike other statutes that assign venue based on the identity or the claims of the party challenging EPA's action, venue under the CAA depends exclusively on the contents of EPA's "final action." *Id*. If the Agency's "action" is nationally applicable or EPA has made and published a finding that the "action" is based on a determination of nationwide scope or effect, any challenge by any party may be heard only by the D.C. Circuit. *Id.*

Petitioners' venue argument fails because it turns not on what EPA actually did or said in the April 2022 Denial Action, but instead on the arguments that Petitioners wish to pursue under their petitions for review. According to Petitioners, venue is improper because EPA erred in addressing thirty-six small refinery exemption petitions in a single action that employed a common statutory interpretation and methodology. Such a "petition-focused approach to the venue question cannot be squared with the plain language of § 7607(b)(1), which assigns

judicial review . . . based on the nature of the agency action in question, not the nature or scope of the petition for review." *S. Ill. Power Coop. v. EPA*, 863 F.3d 666, 671 (7th Cir. 2017).

The Court should reject Petitioners' arguments and dismiss or transfer the petitions for review to the D.C. Circuit.[1]

## ARGUMENT

**I. THE COURT SHOULD GRANT EPA'S VENUE MOTION BECAUSE THE APRIL 2022 DENIAL ACTION IS NATIONALLY APPLICABLE.**

Petitioners do not dispute that, taken on its face, the agency action under review is nationally applicable. Rather, Petitioners attempt to argue that venue under 42 U.S.C. § 7607(b)(1) depends not on the action EPA took, but rather on what, in Petitioners' view, EPA should have done. Response to EPA's Motion to Transfer to the D.C. Circuit ("Response"), Doc. 00516382494, at 13–16 (arguing that EPA violated the CAA by deciding thirty-six small refinery exemption

---

[1] All four Petitioners have filed protective petitions challenging the April 2022 Denial Action in the D.C. Circuit, eliminating any prejudice that otherwise may have resulted from dismissal. *See* Petition for Review, *Wynnewood Refin. Co., LLC v. EPA*, No. 22-1124 (D.C. Cir. June 24, 2022), Doc. 1952266; Petition for Review, *Calumet Mont. Refin., LLC, et al v. EPA*, No. 22-1129 (D.C. Cir. June 24, 2022), Doc. 1952308; Petition for Review, *Ergon Refin., Inc. v. EPA*, No. 22-1131 (D.C. Cir. June 24, 2022), Doc. 1952330; Petition for Review, *Placid Refin. Co. LLC v. EPA*, No. 22-1134 (D.C. Cir. June 24, 2022), Doc. 1952353.

petitions in one action).[2]  Petitioners' theory should be rejected.  Congress, which has plenary authority to determine venue in the inferior federal courts, determined in § 7607(b)(1) to base that assignment solely on the "final action" of EPA that is under review.  The CAA thus stands in contrast to other statutes that instead assign venue based in whole or in part on the identity or the claims of the party challenging EPA's action.  *E.g.*, 28 U.S.C. § 1391(e)(1) (general venue statute authorizing suit in judicial district where plaintiff resides and judicial district where substantial events giving rise to claim occurred); 33 U.S.C. § 1369(b)(1) (authorizing Clean Water Act suit in regional circuits where petitioner resides or transacts affected business).  There is no textual basis whatsoever for Petitioners' argument that a court confronted with a specific and final EPA action under § 7607(b)(1), premised on a specific administrative record, may exercise venue

---

[2] Petitioner Wynnewood Refining Company, LLC ("Wynnewood") filed a Joinder Response, Doc. 00516382528, some of which overlaps with the Petitioners' Response and should be rejected for the same reasons discussed herein.  Wynnewood also advances arguments related to its petition for review of a separate-but-related action—EPA's April 2022 Alternative RFS Compliance Demonstration Approach for Certain Small Refineries.  *See* No. 22-60357, Doc. 00516369962.  That action is also nationally applicable, and EPA made and published a determination of nationwide scope or effect for that action, which is the subject of several consolidated petitions for review pending in the D.C. Circuit, including Wynnewood's.  EPA intends to file a motion to dismiss or transfer Wynnewood's challenge to the Alternative Compliance Action from this Court to the D.C. Circuit.

3

based on a different, hypothetical final action that accords with a petitioner's (or a court's) view of how EPA should have proceeded.

Indeed, Petitioners cite no supporting authority, and numerous decisions have rejected similar invitations to consider the merits of petitions for review in making venue determinations under 42 U.S.C. § 7607(b)(1). *See* EPA's Motion to Transfer the Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue ("Venue Motion"), Doc. 00516367314, at 10–16. As the Seventh Circuit concluded:

> [Petitioner] insists that the Round 2 Designations are just an amalgamation of many different locally or regionally applicable agency actions and notes that its petition challenges only one: the EPA's designation of Williamson County as a nonattainment area. That's not an accurate description of the petition, which is just a one-paragraph pleading seeking review of the rule and attaching a copy. There are no details in the petition about the scope or nature of the [petitioner]'s challenge; that information has come to the fore in the briefing on the EPA's motion. More importantly, the [petitioner]'s petition-focused approach to the venue question cannot be squared with the plain language of § 7607(b)(1), which assigns judicial review to the D.C. Circuit or the regional circuits based on the nature of the agency action in question, not the nature or scope of the petition for review.

*S. Ill. Power Coop.*, 863 F.3d at 671. The Court should likewise reject Petitioners' unsupported invitation to determine venue under 42 U.S.C. § 7607(b)(1) on the basis of the petition and arguments that Petitioners might raise about what EPA should have done in that action, rather than on the action that EPA took.

Even if the Court engages some aspect of Petitioners' merits argument, which it should not, the argument fails. At bottom, Petitioners argue that the RFS small refinery exemption provision, 42 U.S.C. § 7545(*o*)(9)(B), prohibits EPA from deciding multiple exemption petitions in a single action and requires any challenges to decisions under § 7545(*o*)(9)(B) to be filed only in the regional circuit where the petitioning refinery is located. *See* Response at 13–15. But § 7545(*o*)(9)(B) does not reference venue and cannot override the explicit venue-selection provisions in 42 U.S.C. § 7607(b)(1). Under § 7607(b)(1), "*any* . . . nationally applicable . . . final action" that EPA takes under the CAA must be reviewed in the D.C. Circuit. While Petitioners would prefer to ignore Congress's direction (*see* Response at 5) (omitting this and other relevant language from the description of 42 U.S.C. § 7607(b)(1)), the Court should not. *See* 42 U.S.C. § 7607(e) ("[n]othing in this chapter shall be construed to authorize judicial review of regulations or orders of the Administrator under this Act, except as provided in this chapter"); *see also Sebelius v. Cloer*, 569 U.S. 369, 378 (2013) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotations omitted)). There is simply no basis to conclude that Congress intended

that challenges to EPA decisions under 42 U.S.C. § 7545(*o*)(9)(B) may be filed only in regional circuits.

This case is no different than those under multiple CAA programs where EPA has taken nationally applicable actions, and courts have not questioned EPA's authority to exercise its discretion to do so. *See* Venue Motion at 10–16 (discussing cases). EPA's choice to take a nationally applicable action that includes the denial of thirty-six remanded exemption petitions was well-supported, and based on its application of a "revised interpretation of the relevant CAA provisions and the RIN discount and RIN cost passthrough principles that are applicable to all small refineries *no matter the location or market in which they operate*." April 2022 Denial Action at 72 (emphasis added).³ Indeed, Petitioners do not contest the fact that EPA's nationally applicable approach led to the same result for all small refineries notwithstanding the particular circumstances of any specific small refinery or the region in which a refinery operates. The April 2022

---

³ Petitioners take out of context EPA's statement in the April 2022 Denial Action that decisions on exemption petitions must be individualized "based on 'data, contracts, and other information' received 'from small refineries.'" Response at 14, 19. In that discussion, EPA concluded that, "*without regard to how refineries experience their RFS compliance costs*, the RIN cost passthrough phenomenon applies—refineries pass those higher costs through to their customers in higher prices for the refined products they sell." April 2022 Denial Action at 25 (emphasis added); *see also id.* at 58–69 (explaining that EPA's new legal interpretation and common analytical method require denial of all thirty-six petitions notwithstanding individual refineries' concerns and comments).

6

Denial Action is therefore nationally applicable and must be heard in the D.C. Circuit.

## II. THE COURT SHOULD GRANT EPA'S VENUE MOTION BECAUSE EPA MADE AND PUBLISHED AN EXPRESS DETERMINATION OF NATIONWIDE SCOPE OR EFFECT.

Petitioners do not dispute that EPA made and published a finding that the April 2022 Denial Action is based on a determination of nationwide scope or effect, which directs their petitions to the D.C. Circuit. 42 U.S.C. § 7607(b)(1). Their attempt to undermine the validity of EPA's determination of nationwide scope or effect fails to grapple with EPA's action and the incorporated nationwide scope or effect finding but instead relies on misdirection. Response at 17–20.

Petitioners incorrectly contend that EPA did not make any arguments, other than those that Petitioners dismissively characterizes as "policy" arguments, in support of the determination of nationwide scope or effect in the Venue Motion and that EPA waived its opportunity to support its determination of nationwide scope or effect. Response at 18–20. EPA explained that its action was based on a determination of nationwide scope or effect, including its determination to apply a new statutory interpretation and common analytical method (i.e., RIN discount and RIN cost passthrough principles) to small refineries nationwide, and the resulting determination that small refineries do not experience disproportionate economic hardship that flows from that analysis. *See* Venue Motion at 19 ("Moreover,

EPA's determination was well-supported and reasonable. *See* Argument, Part I.A, *supra*."); *see also id.* at 7 ("*For these reasons*, this final action is nationally applicable *or*, *alternatively*, the Administrator . . . hereby finds that this final action is based on a *determination of nationwide scope or effect* for purposes of CAA section 307(b)(1) . . . ." (quoting April 2022 Denial Action at 71–72) (emphasis added) (further citations omitted)).

Petitioners also make straw man arguments. For example, Petitioners wrongly contend that EPA insisted on absolute, unreviewable deference to its determination of nationwide scope or effect for the April 2022 Denial Action. Response at 17–18, 20. In 42 U.S.C. § 7607(b)(1), Congress provided EPA with discretion to make and publish a determination of nationwide scope or effect for actions that might otherwise be considered locally or regionally applicable. *Texas v. EPA*, 983 F.3d 826, 834 (5th Cir. 2020).[4] EPA did not argue in its Venue Motion that its determination of nationwide scope or effect, once made, is unreviewable. The Court should pay these arguments no heed.

---

[4] Petitioners' complaint, *see* Response at 17, regarding EPA's statement that "the Administrator is exercising the complete discretion afforded to him under the CAA to make and publish a finding that this action is based on a determination of 'nationwide scope or effect' within the meaning of CAA section 307(b)(1)," April 2022 Denial Action at 71–72, overlooks this Court's recognition of EPA's discretion to make this determination, *see Texas*, 983 F.3d at 834.

As EPA explained, hearing the petition in the D.C. Circuit would be consistent with Congress's concerns in 42 U.S.C. § 7607(b)(1), such as national uniformity, avoidance of piecemeal review of national issues in the regional circuits and potentially inconsistent results, and the inefficiency of litigating petitions challenging a single action. Petitioners remarkably contend the opposite—i.e., that: Congress intended the piecemeal resolution of exemption petitions when it enacted the RFS small refinery provisions; the D.C. Circuit is an inadequate venue for Petitioners' petitions; and the Supreme Court can and should resolve any conflicting circuit decisions on the April 2022 Denial Action. Response at 18–19. These arguments lack any specific support in the CAA generally or in 42 U.S.C. § 7607(b)(1), let alone any case law or principles of judicial operations and efficiency. Indeed, courts have recognized the opposite. *See* Venue Motion at 19–20. The Court should reject Petitioners' argument.

### III. EPA'S VENUE MOTION IS CONSISTENT WITH ITS PAST PRACTICE.

Petitioners are wrong that EPA has "always taken the position that venue is proper in the regional circuits" for review of its decisions on individual small refinery exemption petitions and that EPA has "agreed" to this proposition by

refraining from filing venue motions in those cases. Response at 11–12 (emphasis removed).[5] Petitioners' assertion is not only factually incorrect, it is irrelevant.

Petitioners cannot dispute that the challenged action, on its face, decides thirty-six small refinery exemption petitions. In similar circumstances, EPA sought to dismiss or transfer challenges to its earlier decision adjudicating the same thirty-six 2018 RFS exemption petitions at issue here from regional circuits to the D.C. Circuit. The D.C. Circuit remanded that decision to EPA, which ultimately led to the April 2022 Denial Action at issue here. *See* EPA's Venue Motion at 4–7. Moreover, in that D.C. Circuit case, EPA did *not* acquiesce to venue being referred to the merits panel. In fact, EPA took the *opposite* position in the D.C. Circuit, requesting that venue be briefed and resolved prior to the filing of the administrative record or merits briefs in that or any other court. *See* EPA's Motion to Consolidate Above-Captioned Cases and to Lift Abeyance in No. 19-1196, and EPA's Opposition to Motion for Abeyance in No. 19-1220, *Sinclair Wyo. Refin. v.*

---

[5] Petitioners' description of past cases regarding EPA's exemption petitions is rife with inaccuracies. Among other examples, EPA has moved to dismiss a petition for review of action on a single small refinery exemption petition for improper venue, *see, e.g.*, *Lion Oil Co. v. EPA*, 792 F.3d 978, 981 (8th Cir. 2015), and the D.C. Circuit heard a challenge to an exemption petition regarding a single small refinery located in Wyoming in *Hermes Consol., LLC v. EPA*, 787 F.3d 568, 571 (D.C. Cir. 2015).

*EPA*, No. 19-1196 (D.C. Cir. Nov. 14, 2019), Doc. 1815704, at 9, 17. Likewise, here, EPA does *not* acquiesce to the venue issue being referred to the merits panel.

## CONCLUSION

For all of the reasons presented in EPA's Venue Motion and the foregoing reasons, the Court should dismiss Petitioners' petitions for review, or in the alternative, transfer the petitions for review to the D.C. Circuit.

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

Of Counsel:

SUSAN STAHLE
U.S. Environmental Protection Agency
Office of General Counsel
Washington, DC

July 12, 2022

s/ *Patrick R. Jacobi*
PATRICK R. JACOBI
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
Denver Place Building
999 18th Street
Suite 370—South Terrace
Denver, CO 80202
Tel: (303) 844-1348
patrick.r.jacobi@usdoj.gov

11

## CERTIFICATES OF COMPLIANCE

I hereby certify that this reply complies with the requirements of Fed. R. App. P. 27(d)(2)(C) because it contains 2,561 words according to the count of Microsoft Word, excluding the parts of the reply exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 2,600 words.

I further certify that this reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this reply was prepared in Microsoft Word 2016 with the proportionally-spaced typeface of Times New Roman 14-point.

Dated:  July 12, 2022                                 s/ *Patrick R. Jacobi*
                                                                    PATRICK R. JACOBI

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing EPA's Reply in Support of Motion to Transfer the Petitions for Review to the D.C. Circuit or Dismiss Based on Improper Venue on all registered counsel through the Court's electronic filing system (ECF).

Dated: July 12, 2022　　　　　　　　　　　　s/ *Patrick R. Jacobi*
　　　　　　　　　　　　　　　　　　　　　　PATRICK R. JACOBI