No. 22-60266

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH
CIRCUIT

CALUMET SHREVEPORT REFINING, LLC *et al*.,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent*.

PETITION FOR REVIEW OF A FINAL AGENCY ACTION OF THE
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

**PETITIONERS' MOTION FOR RECONSIDERATION**

Samuel P. Hershey
**WHITE & CASE LLP**
1221 Ave. of the Americas
New York, NY 10020
T: (212) 819-2699
F: (305) 371-2700
E: sam.hershey@whitecase.com

Jonathan Hardin
**PERKINS COIE LLP**
700 13th St., NW, Ste. 800
Washington, D.C. 20056-3960
T: 202-654-6297
F: 202-654-6211
E: JHardin@perkinscoie.com

*Counsel for Petitioner Wynnewood
Refining Company, LLC.*

*Counsel for Petitioners Calumet
Shreveport Refining, LLC, Placid
Refining Company LLC, and Ergon
Refining Inc.*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case, to the best of counsel's knowledge. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.    Petitioner Wynnewood Refining Company, LLC, is incorporated under the laws of the State of Delaware and is a wholly owned subsidiary of CVR Refining, LLC.

2.    CVR Refining, LLC is incorporated under the laws of the State of Delaware and a wholly owned subsidiary of CVR Refining, LP.

3.    CVR Refining, LP, is incorporated under the laws of the State of Delaware and is an indirect wholly owned subsidiary of CVR Energy, Inc.

4.    CVR Energy, Inc. is incorporated under the laws of the State of Delaware and is publicly traded on the New York Stock Exchange under the symbol "CVI."

5.    Icahn Enterprises, L.P. and its affiliates ("IEP") hold a 10% or greater ownership interest in CVR Energy Inc. IEP is a publicly traded partnership.

6.    Petitioner Calumet Shreveport Refining, LLC, is incorporated under the laws of Delaware and is owned 100% by Calumet Specialty Products Partners, L.P.

7.    Calumet Specialty Products Partners, L.P., the parent of Calumet Shreveport Refining LLC, is incorporated under the laws of Delaware and is a refiner of petroleum products.  Calumet Specialty Products Partners, L.P. has no parent company, and no publicly held company has a ten percent or greater ownership interest in it.

8.    Petitioner Ergon Refining, Inc. is incorporated under the laws of Mississippi and is a refiner of petroleum products.  Ergon Refining, Inc. is wholly owned by parent company Ergon Inc.

9.    Ergon, Inc. is the parent company of Petitioner Ergon Refining, Inc. No publicly held company has a ten percent or greater ownership interest in Ergon, Inc.

10.    Petitioner Placid Refining Company LLC is a limited liability company organized under the laws of Delaware and a refiner of petroleum products.  Placid Refining Company LLC is owned 100 percent by its parent companies Placid Holding Company and RR Refining, Inc.

11.    Placid Holding Company is parent of Petitioner Refining Company LLC.  No publicly held company has a ten percent or greater ownership interest in it.

12.    RR Refining Inc. is the parent of Petitioner Placid Refining Company LLC.  No publicly held company has a ten percent or greater ownership interest in it.

13.    Respondent—United States Environmental Protection Agency.

14.    Benjamin J. Grillot—Attorney, United States Department of Justice—counsel for Respondent United States Environmental Protection Agency.

15.    Jonathan G. Hardin and Karl Worsham—Perkins Coie LLP—counsel for Petitioners Calumet Shreveport Refining LLC, Ergon Refining, Inc., and Placid Refining Company LLC.

16.    Thomas E Lauria, Taylor Pullins, Samuel P. Hershey, and Andrew K. Gershenfeld—White & Case, LLP—counsel for Petitioner Wynnewood Refining Co. LLC Petitioners.

Dated: September 20, 2022

/s/ Samuel P. Hershey

## WHITE & CASE LLP

Thomas E Lauria
Andrew K. Gershenfeld
200 South Biscayne Blvd.,
Suite 4900
Miami, FL 33131
T: (305) 371-2700
E: tlauria@whitecase.com
E: andrew.gershenfeld@whitecase.com

Samuel P. Hershey
1221 Avenue of the Americas
New York, NY 10020
T: (212) 819-2699
E: sam.hershey@whitecase.com

Taylor Pullins
609 Main Street, Suite 2900
Houston, TX 77002
T: (713) 859-5998
E: taylor.pullins@whitecase.com

*Counsel for Petitioner Wynnewood
Refining Company, LLC*

Respectfully submitted,

/s/ Jonathan Hardin

## PERKINS COIE

Jonathan Hardin
700 Thirteenth St., NW. Ste. 800
Washington, D.C. 20056-3960
T: (202) 654-6297
F: (202) 654-6211
E: JHardin@perkinscoie.com

Karl J. Worsham
2901 N. Central Ave.
Ste. 2000
Phoenix, AZ 85102-2788
T: (602) 351-8000
F: (602) 648-7000

*Counsel for Calumet Shreveport
Refining, LLC, Placid Refining
Company LLC, and Ergon
Refining, Inc.*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .............................................. C-1

TABLE OF CONTENTS ...................................................................................... I

TABLE OF AUTHORITIES ............................................................................... II

PRELIMINARY STATEMENT .......................................................................... 1

JURISDICTION.................................................................................................... 3

STATEMENT OF ISSUE MERITING RECONSIDERATION ......................... 3

STANDARD OF REVIEW ................................................................................. 4

PROCEDURAL HISTORY................................................................................. 4

ARGUMENT ....................................................................................................... 7

I.     Reconsideration Is Warranted Because, Despite Correctly Holding That
       The April Denial Action Was Not Nationally Applicable, The Panel
       Erred By Not Applying This Court's "Default Presumption" Test ........... 7

CONCLUSION ................................................................................................. 11

CERTIFICATE OF COMPLIANCE ................................................................. 13

CERTIFICATE OF SERVICE .......................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Hunt Refining Co. v EPA*,
No. 22-11617-F (11th Cir. Aug. 31, 2022)................................................3, 10

*Texas v. EPA*,
706 F. App'x 159 (5th Cir. 2017)...............................................................1, 7

*Texas v. EPA*,
829 F.3d 405 (5th Cir. 2016) ...............................................................*passim*

### STATUTES AND RULES

87 Fed. Reg. 24300 (Apr. 25, 2022) .....................................................................5

42 U.S.C. § 7607(b)(1)...............................................................................*passim*

Fifth Cir. R. 40(2) ..........................................................................................2, 4

Fed. R. App. P. 32(a)(5)...................................................................................13

Fed. R. App. P. 32(a)(6)...................................................................................13

Fed. R. App. P. 32(f)........................................................................................13

Fed. R. App. P. 40..............................................................................................3

Fed. R. App. P. 40(4) and 40(a)(1) ....................................................................3

Fed. R. App. P. 40(a)(2).................................................................................2, 4

Fed. R. App. P. 40(b)(1) ..................................................................................13

Wynnewood Refining Company, LLC ("Wynnewood"), Calumet Shreveport Refining, LLC ("Calumet"), Placid Refining Company, LLC ("Placid"), and Ergon Refining Inc. ("Ergon") (together, the "Petitioners"), by and through undersigned counsel, jointly submit this motion for reconsideration of this Court's *Order on Petition for Review from an Order of the Environmental Protection Admin. Agency, No. 87 Fed. Reg. 24300*, No. 22-60266, slip. op. (5th Cir. Aug. 26, 2022), Doc. 00516449247 (D.E. 48) (the "Order") denying EPA's motion to dismiss and granting EPA's motion to transfer in connection with *EPA's Motion to Transfer the Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue*, No. 22-60266 (5th Cir. June 22, 2022), Doc. 00516367314 (D.E. 16) (the "Motion") over the opposition of Calumet, Placid, and Ergon's *Response to EPA's Motion to Transfer to the D.C. Circuit*, No. 22-60266 (5th Cir. July 5, 2022), Doc. 00516382494 (D.E. 37) (the "Opposition Brief") and Wynnewood's *Joinder in Calumet's Response in Opposition to EPA's Motion to Transfer or Dismiss*, No. 22-60266 (5th Cir. July 5, 2022), Doc. 00516382528 (D.E. 38) (the "Joinder"), and state as follows:

## PRELIMINARY STATEMENT

Under this Court's precedent, if "[a] Final Rule is a locally or regionally applicable action, the default presumption of § 7607(b)(1) requires review in [the Fifth] [C]ircuit." *Texas v. EPA*, 829 F.3d 405, 424 (5th Cir. 2016); *see also Texas v. EPA*, 706 F. App'x 159, 165 (5th Cir. 2017) (recognizing when "the challenged rule is only 'locally or regionally' applicable, the 'default' venue is in this

1

regional circuit."). Once the default presumption attaches, a party seeking to transfer the case outside the regional circuit court bears the burden of rebutting it. Such a rebuttal requires that the moving party identify "with particularity" the determinations at the "core" of the agency action that are nationwide in scope or effect. *Texas*, 829 F.3d at 410, 422; *see also Texas*, 706 F. App'x at 165 (recognizing that the relevant determinations of nationwide scope or effect must "lie at the core of the agency action").

Here, despite correctly concluding that EPA's April Denial Action was not "nationally applicable" within the meaning of section 7607(b)(1) of the Clean Air Act (Order at 6), the Court did not apply the requisite *Texas v. EPA* "default presumption" test to determine whether EPA had met its burden of rebutting the presumption in favor of review of the April Denial Action in this Court.

Petitioners respectfully submit that because the panel did not apply the Fifth Circuit's *Texas v. EPA* "default presumption" test (*see* Opp. Br. at 17, 20), the Court "overlooked or misapprehended" a "point of law" within the meaning of Rule 40(a)(2), Fed. R. App. P., and Fifth Circuit Rule 40.2, which permits reconsideration "to bring to the attention of the panel claimed errors of . . . law in the opinion." Petitioners further submit that the Order forecloses EPA's ability to overcome the default presumption, as this Court held that "the conclusions 'at the core' of the EPA's decision to deny [hardship] exemptions to the [small] [r]efineries" demonstrate that the April Denial Action was fundamentally based upon determinations that were necessarily regional in both scope and effect. *See*

2

Order at 6. Moreover, even if the Court had not reached that conclusion, EPA failed to present sufficient facts to overcome the default presumption establishing venue in this Court. *See* Opp. Br. at 17, 20.

For these reasons, Petitioners respectfully request that the Court grant the motion for reconsideration of the Motion and deny the Motion for the reasons set forth herein, or, in the alternative, carry the case to the merits panel.[1]

## JURISDICTION

This Court has jurisdiction to consider a motion for reconsideration pursuant to Rule 40 of the Federal Rules of Appellate Procedure. Fifth Circuit Rule 40.4 and Rule 40(a)(1) of the Federal Rules of Appellate Procedure allow motions for reconsideration to be filed within 45 days of entry of judgment in a civil case involving a party that is a United States agency. Here, EPA is a United States Agency, and the Order was entered 25 days ago, on August 26, 2022. Thus, this petition is timely filed.

## STATEMENT OF ISSUE MERITING RECONSIDERATION

Under this Court's precedent, if "[a] Final Rule is a locally or regionally applicable action, the default presumption of § 7607(b)(1) requires review in [the

---

[1] After entry of this Court's Order, the Eleventh Circuit "carried the [April Denial Action] case" to the merits panel. *See Hunt Refining Co. v EPA*, No. 22-11617-F (11th Cir. Aug. 31, 2022) ("[EPA's] motion to dismiss or transfer the [April Denial Action], as well as the jurisdictional and venue issues in this appeal, are carried with the case. A final determination on these issues will be made by the panel to whom this appeal is submitted after briefing on the merits is completed.").

Fifth] [C]ircuit." *Texas*, 829 F.3d at 424. Once this presumption attaches, a party seeking review outside this Circuit must rebut the presumption by identifying "with particularity" the determinations at the "core" of the agency action that are allegedly nationwide in scope or effect. *Texas*, 829 F.3d at 419, 422. This Court held in the Order that, based on "the conclusions 'at the core' of the EPA's decision to deny [hardship] exemptions to the [small] [r]efineries," EPA's April Denial Action was regionally or locally applicable, not "nationally applicable." Order at 6. However, after reaching that holding, this Court did not consider or apply the requisite "default presumption" rule to determine whether EPA had met its burden of rebutting the presumption. Did this Court err in not applying the Fifth Circuit's *Texas v. EPA* "default presumption" rule?

## STANDARD OF REVIEW

A motion for reconsideration is appropriate where, as here, the petitioner shows that the Panel has "overlooked or misapprehended" a point of law or fact. *See* Fed. R. App. P. 40(a)(2) ("The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition."); *see also* Fifth Cir. R. 40.2 (stating rule is "intended to bring to the attention of the panel claimed errors of fact or law in the opinion.").

## PROCEDURAL HISTORY

On April 7, 2022, Respondent United States Environmental Protection Agency ("EPA") issued its decision entitled "April 2022 Denial of Petitions for

RFS Small Refinery Exemptions" ("April Denial Action"). EPA-420-R-22-005 (87 Fed. Reg. 24300 (Apr. 25, 2022). In that decision, EPA denied Petitioners hardship petition for a Small Refinery Exemption for its Renewable Fuel Standard obligations for the 2018 compliance year. April Denial Action, at 1. The April Denial Action also denied the hardship petitions for 32 other small refineries. *Id.* at 1.

On May 3, May 9, and June 20, 2022, Calumet, Placid, and Ergon, respectively, petitioned this Court for review of the April Denial Action. *See Calumet Shreveport Refining et al. v. EPA,* No. 22-60266 (5th Cir. May 3, 2022), Doc. 00516304124 (D.E. 1); *Id.*, No. 22-60266 (5th Cir. May 9, 2022), Doc. 00516311871 (D.E. 3); *Id.*, No. 22-60266 (5th Cir. June 20, 2022), Doc. 00516362620 (D.E. 14). On June 23, 2022, Wynnewood filed its petition for review, which was docketed on June 24, 2022. *See Calumet Shreveport Refining et al. v. EPA,* No. 22-60266 (5th Cir. June 24, 2022), Doc. 00516370226 (D.E. 17).

On June 22, 2022, EPA filed the Motion. On July 5, 2022, Calumet, Ergon, and Placid jointly filed the Opposition Brief and Wynnewood filed its Joinder, which adopted the arguments and points of authority in the Opposition Brief and asserted additional arguments. *See* Opp. Br.*;* Joinder at 1.

On August 26, 2022, this Court issued an order denying EPA's motion to dismiss and granting EPA's motion to transfer venue to the D.C. Circuit. *See* Order at 6.

5

Notably, the Order held that EPA's April Denial Action was not nationally applicable because "the conclusions 'at the core' of the EPA's decision to deny [hardship] exemptions to the [small] [r]efineries" necessarily required that "[t]he [small] [r]efineries must individually prove that they meet the particular fact test laid out by the EPA." Order at 6. However, when the Order addressed whether the April Denial Action was based on determinations of nationwide scope or effect, it did not apply this Court's *Texas v. EPA* "default presumption" or address the default presumption test. Nor could EPA have satisfied this test, given that this Court had already determined that "the conclusions 'at the core'" of the April Denial Action demonstrated that that action was locally, rather than nationally, applicable. Order at 6. Further, EPA's proffered reasons could not have satisfied this test because EPA did not identify any specific determinations showing that the core of its decision was nationwide in scope or effect, and instead relied on conclusory assertions and *ipse dixit*. *See* Opp. Br. at 20.

Nonetheless, this Court granted EPA's motion to transfer after concluding that the April Denial Action was made "with an eye to nationwide considerations" and against the "backdrop" of national concerns (Order at 1, 6).

6

## ARGUMENT

### I.    Reconsideration Is Warranted Because, Despite Correctly Holding That the April Denial Action Was Not Nationally Applicable, the Panel Erred By Not Applying This Court's "Default Presumption" Test

Under this Court's precedent, where an agency decision is locally or regionally applicable (*i.e.*, not "nationally applicable"), there is a default presumption that venue lies in the regional circuit court. *See Texas*, 706 F. App'x at 165 ("As the challenged rule is only 'locally or regionally' applicable, the 'default' venue is in this regional circuit.") (citing *Texas v. EPA*, 829 F.3d 405, 424 (5th Cir. 2016) ("Because the Final Rule is a locally or regionally applicable action, the default presumption of § 7607(b)(1) requires review in this circuit.").[2]

In order to overcome this default presumption, this Court's precedent requires EPA to identify "with particularity" the specific determinations forming the basis of the action's nationwide scope and effect, including the specific determinations on which the action was based. *See Texas*, 829 F.3d at 422 (concluding that "EPA could not identify with *particularity* the determinations with nationwide scope or effect that formed the basis of the Final Rule" and holding that "EPA's [] argument is unpersuasive and improperly focuses on the

---

[2] This default presumption argument was timely presented to this Court in Petitioners' briefing. *See* Opp. Br. at 17 ("Because the [Denials are] locally or regionally applicable action[s], *the default presumption of § 7607(b)(1) requires review in this circuit.*") (emphasis added); Opp. Br. at 20 ("*'Because we said so' is not enough for EPA to overcome § 7607(b)(1)'s presumption of review in this Court.*") (emphasis added)); *see also* Wynnewood's Joinder Br. at 1 ("Wynnewood hereby adopts the arguments and points of authority set forth in Calumet's Response as if fully set forth herein.").

nature of the rule as a whole and not on the [relevant] determinations on which the Final Rule is based").

Petitioners respectfully submit that this Court erred by not applying the default presumption rule. This Court expressly determined that "the conclusions 'at the core' of the EPA's decision to deny exemptions to the [small] [r]efineries are local or regional in scope" because "[t]he [small] [r]efineries must individually prove that they meet the particular fact test laid out by the EPA." Order at 6. Yet despite that determination, this Court did not address the default presumption or evaluate whether EPA had overcome it. Rather, this Court ruled in favor of EPA after concluding that the agency decision was made "with an eye to nationwide considerations" and against the "backdrop" of national concerns. *Id.* at 1, 6. Petitioners respectfully submit that this Court erred for at least three reasons.

*First*, this Court's Order forecloses EPA's ability to meet its burden of rebutting the presumption. This Court expressly held that "the conclusions 'at the core' of the EPA's decision to deny exemptions to the [small] [r]efineries are local or regional in scope." Order at 6. This holding necessarily forecloses EPA's ability to "identify with particularity the determinations with nationwide scope or effect that formed the basis of the Final Rule," which is precisely what it needed to do to rebut the presumption. *Texas*, 829 F.3d at 422.

*Second*, even if this Court's Order did not foreclose EPA from rebutting the presumption, this Court erred by not applying the default presumption rule at

8

all. To rebut the default presumption, EPA was required to "identify *with particularity* the determinations with nationwide scope or effect that formed the basis" of the April Denial Action. *Texas*, 829 F.3d at 422 (emphasis added). As Petitioners previously demonstrated (Opp. Br. at 20), EPA's Motion fails to identify any facts showing national applicability and instead merely offers conclusory assertions and *ipse dixit*. *See, e.g.*, Mot. at 17 ("Given that EPA has made this finding and published it in the April 2022 Denial Action and in the Federal Register, any petitions for review must be filed in the D.C. Circuit, even if a specific denial of an exemption petition for an individual small refinery might be seen in isolation as locally or regionally applicable"); Motion at 18 ("[T]his Court should apply the plain language of 42 U.S.C. § 7607(b)(1) and conclude that Petitioners may file their petitions only in the D.C. Circuit in light of EPA's unambiguous finding that the April 2022 Denial Action is based on a determination of 'nationwide scope or effect.'"). Such conclusory assertions are plainly insufficient. *See* Opp. Br. at 20 ("EPA put all its eggs in the deference basket . . . EPA does not explain or offer any other argument for why this Court should conclude that the Denials were based on determinations of nationwide scope or effect. 'Because we said so' is not enough for EPA to overcome § 7607(b)(1)'s presumption of review in this Court.").

*Third*, the conclusions on which the Court premised its decision—that the April Denial Action was made "with an eye to nationwide considerations" and against the "backdrop" of national concerns—are the kind of premises that this

9

Court has previously rejected as insufficient to rebut the presumption. *See Texas*, 829 F.3d at 422 (holding that EPA failed to rebut default presumption where EPA "unpersuasive[ly] and improperly focuse[d] on *the nature of the rule as a whole and not on the [relevant] determinations on which the Final Rule is based.*" (emphasis added)).

Nonetheless, for the reasons stated in the Opposition Brief, and as was recently done by the Eleventh Circuit, "[i]f, because of the nature of hardship denials, this Court believes that venue and the merits are too intertwined, Petitioners would not object to this motion being referred to the merits panel for a joint resolution of venue and the merits." Opp. Br. at 16.[3]

---

[3] *See Hunt Refining Co. v EPA*, No. 22-11617-F (11th Cir. Aug. 31, 2022) ("[EPA's] motion to dismiss or transfer the [April Denial Action], as well as the jurisdictional and venue issues in this appeal, are carried with the case. A final determination on these issues will be made by the panel to whom this appeal is submitted after briefing on the merits is completed.").

## CONCLUSION

Petitioners respectfully submit that after correctly concluding the April Denial Action was "locally applicable," this Court erred by not applying the Fifth Circuit's *Texas v. EPA* "default presumption" in favor of the local regional circuit court. Indeed, this Court's order foreclosed EPA's ability to rebut this presumption by holding that "the conclusions 'at the core' of the EPA's decision to deny exemptions to the [small] [r]efineries are local or regional in scope" because "[t]he [small] [r]efineries must individually prove that they meet the particular fact test laid out by the EPA." Order at 6. In any event, EPA's Motion did not meet its burden of overcoming the default presumption because it rested on conclusory assertions and *ipse dixit* rather than identifying particular determinations of nationwide scope or effect at the core of its action. This Court's precedent establishes that the "eye to nationwide considerations" and "backdrop" of national concerns that this Court identified in the Order do not meet this standard.

For these reasons, Petitioners respectfully request that this Court grant their motion for reconsideration and deny the Motion. In the alternative, Petitioners respectfully request that the panel carry the case to the merits panel.

Dated: September 20, 2022

/s/ Samuel P. Hershey

## WHITE & CASE LLP

Thomas E Lauria
Andrew K. Gershenfeld
200 South Biscayne Blvd.,
Suite 4900
Miami, FL 33131
T: (305) 371-2700
E: tlauria@whitecase.com
E: andrew.gershenfeld@whitecase.com

Samuel P. Hershey
1221 Avenue of the Americas
New York, NY 10020
T: (212) 819-2699
E: sam.hershey@whitecase.com

Taylor Pullins
609 Main Street, Suite 2900
Houston, TX 77002
T: (713) 859-5998
E: taylor.pullins@whitecase.com

*Counsel for Petitioner Wynnewood
Refining Company, LLC*

Respectfully submitted,

/s/ Jonathan Hardin

## PERKINS COIE

Jonathan Hardin
700 Thirteenth St., NW. Ste. 800
Washington, D.C. 20056-3960
T: (202) 654-6297
F: (202) 654-6211
E: JHardin@perkinscoie.com

Karl J. Worsham
2901 N. Central Ave.
Ste. 2000
Phoenix, AZ 85102-2788
T: (602) 351-8000
F: (602) 648-7000

*Counsel for Calumet Shreveport
Refining, LLC, Placid Refining
Company LLC, and Ergon
Refining, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition complies with the requirements of Fed. R. App. P. 40(b)(1) because it contains 2,703 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 3,900 words.

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion was prepared in Microsoft Word 2016 with the proportionally-spaced typeface of Times New Roman 14-point.

Dated: September 20, 2022          Respectfully submitted,

                                   /s/ Andrew K. Gershenfeld
                                   Andrew K. Gershenfeld

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion for Reconsideration on

all registered counsel through the Court's electronic filing system (ECF).

Dated: September 20, 2022          Respectfully submitted,

                                   /s/ Andrew K. Gershenfeld
                                   Andrew K. Gershenfeld

14

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 20, 2022, I conferred with counsel for Respondent-United States Environmental Protection Agency, Patrick R. Jacobi, regarding the relief requested by Petitioners' Motion for Reconsideration, and Mr. Jacobi confirmed that Petitioners' Motion for Reconsideration is opposed.

Dated: September 20, 2022                    /s/ Andrew K. Gershenfeld
                                             Andrew K. Gershenfeld

**EXHIBIT 1 – PANEL ORDER**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2022

Lyle W. Cayce
Clerk

No. 22-60266

Calumet Shreveport Refining, L.L.C.; Placid Refining Company, L.L.C., Ergon Refining, Incorporated, Wynnewood Refining Company, L.L.C.,

*Petitioners*,

*versus*

United States Environmental Protection Agency,

*Respondent*.

_____

Petition for Review from an Order of the
Environmental Protection Admin.
Agency No. 87 Fed. Reg. 24300

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:

The Environmental Protection Agency denied four oil refineries exemptions from the Renewable Fuel Standard program. The Refineries appealed to this court under the Clean Air Act. The EPA now contends that this litigation must take place in the District of Columbia Circuit, not this one. We agree. Because the exemption denials were made with an eye to nationwide considerations, we grant the EPA's motion to transfer venue.

**I.**

The Clean Air Act (the Act) established the Renewable Fuel Standard program (the Program). 42 U.S.C. § 7545(o). Under the Program, all gasoline sold in the United States after 2006 must contain certain amounts of "renewable fuel, advanced biofuel, cellulosic biofuel, [or] bio-mass-based diesel[.]" *Id.* § 7545(o)(2)(A)(i). The Act specifically provided an exemption from the Program for "small refineries" until 2011 and empowered the EPA to grant individual extensions of exemptions if compliance with the Program would cause "a disproportionate economic hardship" to a small refinery. *Id.* § 7545(o)(9)(A)(ii)(II).

The EPA annually considers petitions for exemption from the Program. In 2019, in a single decision, it granted or denied 36 separate petitions from the prior year. **Motion to Transfer at 4**. Included in these 36 petitions were the subject petitions filed by the Refineries. **Response to Motion at 6**. Several appeals from the decision were filed, all of which were ultimately litigated in the Court of Appeals for the District of Columbia Circuit. The D.C. Circuit remanded the 36 petitions to the EPA at the end of 2021 with instructions to issue new decisions. **Motion to Transfer at 5**.

On April 7, 2022, the EPA denied all 36 remanded petitions, advising that due to intervening considerations, including an opinion by the United States Supreme Court, the EPA had substantially overhauled its process for evaluating petitions.[1] **Denial at 1-2**. Each of the Refineries then filed a petition for review in this court, and the EPA responded by filing a motion to dismiss for lack of jurisdiction or, in the alternative, to transfer them to the D.C. Circuit.

---

[1] *See HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*, 141 S. Ct. 2172 (2021).

2

## II.

We begin by noting that "[t]he Clean Air Act's venue provision provides for judicial review of agency actions in either the D.C. Circuit or the 'appropriate circuit,' meaning the circuit where the agency's action applies." *State v. U.S. Env't Prot. Agency*, 983 F.3d 826, 833 (5th Cir. 2020) (quoting 42 U.S.C. § 7607(b)(1)). The Act thus operates both to establish appellate jurisdiction with the various courts of appeals and to "delineate[] the appropriate venue for challenges." *Id.* (quoting *Texas v. U.S. Env't Prot. Agency*, 829 F.3d 405, 418 (5th Cir. 2016)). Because jurisdiction is appropriate, we deny the EPA's motion to dismiss for lack of jurisdiction and proceed to the question of proper venue.

Under the Act, there are two venue buckets: one small bucket for actions taken by the EPA that are "locally or regionally applicable" and another larger bucket for "nationally applicable" actions and "local or regionally applicable" actions that have been taken "based on a determination of nationwide scope or effect" when "the Administrator finds and publishes that such action is based on such a determination." 42 U.S.C. § 7607(b)(1). Congress dictated that venue for the smaller bucket of purely local or regional actions must lie with the appropriate regional court of appeals. *Id.* The larger bucket of national actions and local or regional actions with nationwide scope or effect must be litigated in the D.C. Circuit. *Id.*

Here, the EPA asserts that the only appropriate venue is the D.C. Circuit because its denial of the exemption petitions was "nationally applicable." The Refineries counter that this circuit is the appropriate venue because the process to review and approve or deny an exemption petition is inherently individualized and local. Of course, there is still room in the larger bucket for locally applicable actions. But the Refineries also aver that the EPA made no "determination of nationwide scope or effect," though they

3

concede that the EPA's Administrator issued a publication purporting to do that. **Response to Motion at 17**.

The parties dispute whether this court must provide deference to the EPA in our analysis. Previously we have said, "[t]he court—not [the] EPA—determines both the scope of an action's applicability and whether it was based on a determination of nationwide scope or effect." *State*, 983 F.3d at 833 (citing *Texas*, 829 F.3d at 420–21). We reiterate that we generally owe the EPA no deference in this determination. Still, we have also said that the statutory mechanism bakes in some discretion for the EPA on this venue question. *Id.* at 834.

> The Act "gives [the] EPA discretion to transfer venue" when the nationwide scope or effect condition is satisfied . . . . Congress similarly gave [the] EPA discretion to send such actions to the regional circuits—and [the] EPA exercises that discretion when it declines to "publish[ ] that such action is based on such a determination." . . . That decision is "committed to agency discretion by law."

*Id.* (citations omitted) (first quoting *Texas*, 829 F.3d at 421, then quoting 42 U.S.C. § 7607(b)(1), finally citing 5 U.S.C. § 701(a)(2) & quoting *Texas*, 829 F.3d at 425).

Given that the Refineries concede that the EPA published whatever determination it made, and the record bears this out, our analysis is limited to whether the action was nationally applicable or if the publication demonstrates that the EPA's denials were made "based on a determination of nationwide scope or effect." 42 U.S.C. § 7607(b)(1).

"[D]eterminations are the justifications the agency gives for the action and they can be found in the agency's explanation of its action." *Texas*, 829 F.3d at 419. And "[b]ecause the statute speaks of the determinations the action is 'based on,' the relevant determinations are those

4

that lie at the core of the agency action." *Id.* Local or regional determinations are "intensely factual determinations[]" related to the "particularities" of individual localities or regions. *Id.* at 421. Conversely, determinations that are based on a nationwide scope or effect are characterized by "factual conclusions or expertise" exhibiting a uniformity in decision making that will directly impact other investigations throughout the country rather than one region or locality. *See id.* at 423–24.

Here, the Refineries have attached the April 2022 denial to their petition, noting that it was the subject of their appeal. This denial has virtually no discussion of individual or local concerns; rather, it is essentially a 72-page document explaining the EPA's decision fundamentally to change how it evaluates all petitions it receives under the Program. **Denial at 1-2**. The denial states that the EPA made three findings:

(1) Regardless of the mechanism by which any obligated party—including small refineries—comply [sic] with their [Program] obligations, [Program] compliance costs are the same for all obligated parties and thus no party bears [Program] compliance costs that are disproportionate relative to others' costs; (2) Any obligated party—including small refineries— recovers their compliance costs through the market price they receive when they sell their fuel products and thus do not bear a hardship created by compliance with the [Program]; and (3) With no disproportionality and no economic hardship, there can be no [disproportionate economic harm] pursuant to the statute.

**Denial at 2**. These findings led the EPA to revise its interpretation of the Act and to extend exemptions "only to small refineries whose claimed [disproportionate economic harm] is caused by the cost of complying with the [Program] and not by other factors . . . [and] to deny . . . petitions

5

submitted by any small refinery that had not received the initial blanket statutory exemption" under the Act. **Denial at 2**.

Reviewing the text of the denial de novo, *see State*, 983 F.3d at 833 (citing *Texas*, 829 F.3d at 420-21), despite the nationwide scope of the determination, the conclusions "at the core" of the EPA's decision to deny exemptions to the Refineries are local or regional in scope. The Refineries must individually prove that they meet the particular fact test laid out by the EPA. That said, the EPA's individualized determinations that none of the Refineries met the requirements for receiving an exemption cannot be divorced from the EPA's express determination of a nationwide effect of its denial of these petitions, based on its nationwide survey of the application of the Act as to the refining industry. Thus, while the EPA's contention that its determination was merely a nationally applicable judgment is erroneous, its localized determinations were still made against a backdrop of the national scope or effect of the decisions. *Texas*, 829 F.3d at 421.

\*      \*      \*

This case falls in the larger bucket of actions that must be litigated in our nation's capital. IT IS ORDERED that the EPA's opposed motion to dismiss the petitions for review for lack of jurisdiction is DENIED.

IT IS FURTHER ORDERED that EPA's opposed motion to transfer the petitions for review to the D.C. Circuit is GRANTED.