# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CALUMET SHREVEPORT REFINING, LLC, et al., | Case No. 22-60266 |
| Petitioner, | Consolidated with: |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |
| ---------------------------------------------------- | |
| WYNNEWOOD REFINING COMPANY, LLC, et al., | |
| Petitioner, | Case No. 22-60425 |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |
| ---------------------------------------------------- | |
| ERGON REFINING, INC., et al., | |
| Petitioner, | Case No. 22-60433 |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |
| ---------------------------------------------------- | |
| PLACID REFINING COMPANY LLC, | |
| Petitioner, | Case No. 22-60434 |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |

# PETITIONERS' JOINT MOTION TO FILE BRIEF IN
# EXCESS OF WORD-VOLUME LIMITATION

Pursuant to Federal Rules of Appellate Procedure 27 and 32 and Fifth Circuit Rules 27.1.16 and 32.4, Petitioners Calumet Shreveport Refining, LLC, Wynnewood Refining Company, LLC, Ergon Refining, Inc., Ergon-West Virginia, Inc., Placid Refining Company LLC, and The San Antonio Refinery LLC ("Petitioners") submit this motion for leave to exceed the word-volume limitation for their joint opening brief, which is due on March 2, 2023. Specifically, Petitioners request a 4,000-word increase of the word-volume limitation in Federal Rule of Appellate Procedure 32(a)(7)(B)(i), for a total of 17,000 words. Petitioners contacted counsel for Respondent U.S. Environmental Protection Agency ("EPA"); however, due to the federal holiday, EPA was unable to provide its position by the time Petitioners filed this motion. Good cause exists for Petitioners' request.

***First***, Petitioners' request to file a single, joint brief of up to 17,000 words promotes efficiency and judicial economy by avoiding duplicative briefing and actually *reducing* the overall number of words that will be presented to the Court and to which EPA must respond. Indeed, 17,000 words is substantially less than the number of words to which Petitioners would be entitled if they filed separate briefs. Wynnewood Refining Company is represented by different counsel than the other Petitioners. Thus, Petitioners collectively would be entitled to at least two full-length briefs of 13,000 words each, for a total of 26,000 words. *See, e.g., Glenn v. Tyson*

*Foods, Inc.*, No. 21-40622 (5th Cir. Dec. 21, 2021), Doc. 64 (granting motion to file extra-length brief where movants in a consolidated action sought to file a "single consolidated response brief," despite being "entitled to file separate response briefs," and requested a "modest expansion of the word limit" to allow movants to "fully address the separate factual and procedural history").

Moreover, these consolidated cases include numerous parties and petitions for review, each of which ordinarily would be entitled to file its own brief of 13,000 words. This matter involves 9 petitions for review filed by 6 petitioners seeking to overturn EPA's denials of 19 petitions for small refinery hardship exemptions from the Renewable Fuel Standard for the 2017, 2018, 2019, 2020, and 2021 compliance years. Historically, EPA had adjudicated hardship petitions individually and issued separate decisions to each small refinery for each compliance year. Thus, in the ordinary course, each of the six Petitioners would be entitled its own judicial review proceeding and its own principal brief,[1] which would collectively total at least 78,000 words. For the compliance years at issue, however, EPA purported to issue just two final agency decisions in April and June 2022 that denied 105 pending hardship petitions, including the 19 hardship petitions submitted by Petitioners that are at issue here. *See*

---

[1] *See, e.g.*, *Hunt Refin. Co. v. EPA*, No. 22-11617, Doc. 51 (11th Cir. Feb. 9, 2023); *Ergon-West Virginia, Inc. v. EPA*, 980 F.3d 403 (4th Cir. 2020); *Ergon-West Virginia, Inc. v. EPA*, 896 F.3d 600 (4th Cir. 2018); *Sinclair Wyoming Refin. Co. v. EPA*, 887 F.3d 986 (10th Cir. 2017).

Order at 8, *Calumet Shreveport Refin. et al. v. EPA,* No. 22-60266 (consol.), Doc. 209-1 (5th Cir. Jan. 27, 2023).

Instead of seeking to file separate, full-length briefs, Petitioners will file a single, joint brief because certain of their legal arguments overlap. For example, Petitioners will argue that EPA's denials are unlawfully retroactive, and that EPA adopted multiple interpretations of the Clean Air Act that are contrary to law. However, other arguments and the facts supporting them are unique to individual small refinery petitioners. To adequately brief both their common and unique arguments in their joint opening brief, Petitioners require more than the typical word allotment afforded to single litigants.

***Second***, the subject matter of these consolidated cases is extraordinarily complex, and the administrative record is voluminous. EPA's final agency decisions are each 76 pages long (single-spaced) and accompanied by numerous appendices. In addition to those agency decisions, the administrative record includes more than 2,500 other documents. Petitioners require the requested additional words to adequately brief this highly complex matter. *See, e.g.*, Order, *Carley v. Crest Pumping Techs., LLC*, No. 17-50226 (5th Cir. Aug. 23, 2017), Doc. 38 (granting motion to file extra-length brief where complex case contained voluminous record); Order, *Stubblefield v. Suzuki Moto Corp.*, No. 18-60896 (5th Cir. May 15, 2019), Doc. 55 (granting motion to file extra-length brief where the appeal

addressed "numerous and complex issues of fact and law" and the appellate record spanned thousands of pages); Order, *Ramey v. Davis*, No. 18-70034 (5th Cir. Nov. 19, 2019), Doc. 63 (granting motion to file extra-length brief where movant's appeal involved "fact-intensive" and "complex" issues and the record was "voluminous").

***Third***, despite the extraordinary breadth and complexity of these consolidated cases, Petitioners have limited their request for additional words to a relatively modest amount—4,000—which is equivalent to just 667 additional words each. Thus, Petitioners satisfy the interests of efficiency and judicial economy by seeking only enough additional words to facilitate their ability to file a single, joint brief that both avoids duplicative briefing of common arguments and reserves sufficient space for their respective unique arguments. *See, e.g.,* Order, *In re Deepwater Horizon*, No. 14-31299 (5th Cir. Jan. 14, 2015), Doc. 140 (granting motion to file extra-length brief where movant requested modest amount of additional words to ensure the Court would be "aided by a . . . complete presentation of the law and facts relevant to this important appeal").

For the foregoing reasons, Petitioners respectfully request that the Court GRANT this motion for leave to file a brief in excess of the word-volume limitation by allotting the Petitioners 17,000 words for their joint opening brief.

Dated: February 20, 2023

Respectfully submitted,

_s/ Samuel P. Hershey_
Samuel P. Hershey
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
T: (212) 819-2699
E: sam.hershey@whitecase.com

Thomas E Lauria
Andrew K. Gershenfeld
WHITE & CASE LLP
200 S. Biscayne Blvd., Ste. 4900
Miami, FL 33131
Telephone: (305) 371-2700
E: tlauria@whitecase.com
E: agershenfeld@whitecase.com

Taylor Pullins
WHITE & CASE LLP
609 Main Street, Ste. 2900
Houston, TX 77002
T: (713) 859-5998
E: taylor.pullins@whitecase.com

_Counsel for Petitioner_
_Wynnewood Refining Company,_
_LLC_

_s/ Jonathan G. Hardin_
Jonathan G. Hardin
Alexandra M. Bromer
Michael R. Huston
PERKINS COIE LLP
700 13th Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6297
Facsimile: 202.654.6211
JHardin@perkinscoie.com

Karl J. Worsham
PERKINS COIE LLP
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85102-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
KWorsham@perkinscoie.com

_Attorneys for Calumet Shreveport Re-_
_fining, LLC, The San Antonio Refin-_
_ery, LLC, Ergon Refining, Inc., Er-_
_gon-West Virginia, Inc., and Placid_
_Refining Company LLC_

Gregory J. Morical
CALUMET SPECIALTY
PRODUCTS PARTNERS, LP
2780 Waterfront Parkway, E. Drive
Indianapolis, IN  46214
Telephone:  317-957-5276
greg.morical@calumetspecialty.com

_Attorney for Calumet Shreveport_
_Refining, LLC_

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 946 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: February 20, 2023

_s/ Jonathan G. Hardin_
Jonathan G. Hardin
PERKINS COIE LLP

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 20, 2023

                                      *s/ Jonathan G. Hardin*
                                      Jonathan G. Hardin
                                      PERKINS COIE LLP