# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CALUMET SHREVEPORT REFINING, LLC, et al., <br>         Petitioners, <br>   v. <br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br>         Respondent. | Case No. 22-60266 <br><br> Consolidated with: |
| WYNNEWOOD REFINING COMPANY, LLC, et al., <br>         Petitioners, <br>   v. <br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br>         Respondent. | Case No. 22-60425 |
| ERGON REFINING, INC., et al., <br>         Petitioners, <br>   v. <br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br>         Respondent. | Case No. 22-60433 |
| PLACID REFINING COMPANY LLC, <br>         Petitioner, <br>   v. <br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br>         Respondent. | Case No. 22-60434 |

**PETITIONERS' JOINT OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO INTERVENE**

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and 5th Circuit Rules 26.2 and 27.1, Petitioners Calumet Shreveport Refining, LLC, Wynnewood Refining Company, LLC, Ergon Refining, Inc., Ergon-West Virginia, Inc., Placid Refining Company LLC, and The San Antonio Refinery LLC ("Petitioners") submit this motion for a 14-day extension of time until March 13, 2023, to respond to the "Motion of Renewable Fuels Producers to Intervene in Support of Respondent U.S. Environment Protection Agency" ("Motion to Intervene") that was filed on Friday, February 17, 2023, by the Renewable Fuels Association, Growth Energy, the American Coalition for Ethanol, the National Farmers Union, and the National Corn Growers Association (collectively, "Movants").

In accordance with 5th Circuit Rule 27.4, Petitioners' counsel has contacted counsel for all other parties. Respondent U.S. Environmental Protection Agency ("EPA") takes no position on Petitioners' extension request and will not file an opposition. Movants oppose Petitioners' extension request.

In support of this motion, Petitioners state as follows:

1. Movants filed their Motion to Intervene at 9:55 p.m. EST on Friday, February 17, 2023. Doc. No. 214. Movants did not notify Petitioners of Movants' intention to file the Motion to Intervene until 5:12 p.m. EST that same day. Petitioners oppose the Motion to Intervene and intend to file a response. The current deadline for Petitioners' response is Monday, February 27, 2023.

2

2. There is good cause for this 14-day extension request. ***First***, the timing of the Motion to Intervene supports Petitioners' request for an extension. Petitioners filed the first of their petitions for review in this consolidated action on May 3, 2022. Doc. No. 1. Movants chose to file their Motion to Intervene more than nine months later, and did so just before 10 p.m. EST on the Friday before the Presidents' Day holiday weekend. Consequently, there are only four (4) business days between the time when Movants filed their Motion and the current deadline for Petitioners' response. Petitioners are represented by different counsel and require additional time to collaborate and prepare a joint response to the Motion to Intervene.

3. ***Second***, Petitioners' opening merits brief is due on March 2, 2023.* Petitioners and their counsel are working diligently on their joint merits brief in this consolidated action. This matter involves 9 petitions for review filed by 6 petitioners seeking to overturn EPA's denials of 19 petitions for small refinery hardship exemptions from the Renewable Fuel Standard for the 2017, 2018, 2019, 2020, and 2021 compliance years. *See* Doc. No. 218. The subject matter of this consolidated action is extraordinarily complex, and the administrative record is voluminous. An extension of time to respond to the Motion to Intervene is necessary so

---

* Movants were aware of the briefing deadline when they filed their Motion to Intervene. *See* Mot. at 9 ("Indeed, petitioners' brief is not due until March 2, 2023.").

that Petitioners and their counsel can complete and file their joint merits brief by the March 2, 2023, deadline.

4. ***Third***, Movants filed a similar motion to intervene in *Hunt Refining Company v. EPA*, No. 22-11617, in the United States Court of Appeals for the Eleventh Circuit at 10:11 p.m. EST on Friday, February 17, 2023—just after filing their Motion to Intervene here. Counsel for five of the six Petitioners in this action are also counsel for Hunt Refining Company in the Eleventh Circuit and, therefore, require additional time to prepare oppositions to Movants' motions to intervene in both matters. Movants consented to a four-day extension in the Eleventh Circuit action. However, four additional days would be inadequate here, because Petitioners' response would be due just one day after their merits brief.

5. ***Fourth***, the Motion to Intervene is accompanied by four separate declarations from Movants. The Motion and its supporting declarations raise multiple substantive issues to which Petitioners need to respond, in addition to Petitioners' argument that the untimeliness of the Motion under Fed. R. App. P. 15(d) should not be excused. Petitioners and their counsel require additional time to develop and prepare Petitioners' arguments in response to the Motion to Intervene and four supporting declarations.

6. No party will be prejudiced by this extension request, and Movants did not assert any potential prejudice when they refused to consent to this motion. Instead, Movants' counsel stated via email that

"since Petitioners are moving to exclude us from participating in the Fifth Circuit . . . the renewable fuel groups will oppose Petitioners' request for additional time."

* * *

For the foregoing reasons, Petitioners respectfully request that the Court GRANT this motion for a 14-day extension, until March 13, 2023, of the time for Petitioners to respond to the Motion to Intervene.

| | |
|---|---|
| Dated: February 23, 2023 | Respectfully submitted, |
| *s/ Samuel P. Hershey* | *s/ Jonathan G. Hardin* |
| Samuel P. Hershey | Jonathan G. Hardin |
| WHITE & CASE LLP | Alexandra M. Bromer |
| 1221 Avenue of the Americas | Michael R. Huston |
| New York, NY 10020 | PERKINS COIE LLP |
| T: (212) 819-2699 | 700 13th Street, N.W., Suite 800 |
| E: sam.hershey@whitecase.com | Washington, D.C. 20005-3960 |
| | Telephone: 202.654.6297 |
| Thomas E. Lauria | Facsimile: 202.654.6211 |
| Andrew K. Gershenfeld | JHardin@perkinscoie.com |
| WHITE & CASE LLP | |
| 200 S. Biscayne Blvd., Ste. 4900 | Karl J. Worsham |
| Miami, FL 33131 | PERKINS COIE LLP |
| Telephone: (305) 371-2700 | 2901 N. Central Ave., Suite 2000 |
| E: tlauria@whitecase.com | Phoenix, AZ 85102-2788 |
| E: agershenfeld@whitecase.com | Telephone: 602.351.8000 |
| | Facsimile: 602.648.7000 |
| Taylor Pullins | KWorsham@perkinscoie.com |
| WHITE & CASE LLP | |
| 609 Main Street, Ste. 2900 | *Attorneys for Calumet Shreveport Refining, LLC, The San Antonio Refinery, LLC, Ergon Refining, Inc., Ergon-West Virginia, Inc., and Placid Refining Company LLC* |
| Houston, TX 77002 | |
| T: (713) 859-5998 | |
| E: taylor.pullins@whitecase.com | |
| | |
| *Counsel for Petitioner Wynnewood Refining Company, LLC* | Gregory J. Morical |
| | CALUMET SPECIALTY PRODUCTS PARTNERS, LP |
| | 2780 Waterfront Parkway, E. Drive |
| | Indianapolis, IN 46214 |
| | Telephone: 317-957-5276 |
| | greg.morical@calumetspecialty.com |
| | |
| | *Attorney for Calumet Shreveport Refining, LLC* |

3

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 788 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: February 23, 2023

　　　　　　　　　　　　　　　　　 s/ Jonathan G. Hardin
　　　　　　　　　　　　　　　　Jonathan G. Hardin
　　　　　　　　　　　　　　　　PERKINS COIE LLP

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 23, 2023

                                              *s/ Jonathan G. Hardin*
                                              Jonathan G. Hardin
                                              PERKINS COIE LLP