IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Case No. 22-60266 (consolidated with Nos. 22-60425, 22-60433 & 22-60434)

CALUMET SHREVEPORT REFINING, LLC, ET AL.,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent*.

On Consolidated Petitions for Review of Final Agency Actions of the
United States Environmental Protection Agency

## CERTIFICATE OF INTERESTED PERSONS

In Case No. 22-60266 (consolidated with Nos. 22-60425, 22-60433 & 22-60434), captioned *Calumet Shreveport Refining, LLC, et al. v. United States Environmental Protection Agency*, counsel certify that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome, to the best of counsels' knowledge.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.  Counsel gathered the information from filed Certificates of Interested Persons and has not independently verified the accuracy of those Certificates:

1. Allegiance Refining, LLC, is a Texas limited liability company. Allegiance Refining, LLC, is a refining operations company. Allegiance Refining, LLC, is not publicly traded, and no publicly held company has a ten percent or greater ownership interest in it. Although Allegiance Refining, LLC, is identified in Petitioner The San Antonio Refinery LLC's Certificate of Interested Persons, the relationship between Allegiance Refining, LLC, and Petitioner The San Antonio Refinery LLC or its parent companies was not disclosed.

2. American Coalition for Ethanol—Intervenor—is a nonprofit trade association. Its members include ethanol and biofuel facilities, agricultural producers, ethanol industry investors, and supporters of the ethanol industry. American Coalition for Ethanol promotes the general commercial, legislative, and other common interests of its members. American Coalition for Ethanol does not have a parent company, and no publicly held company has a ten percent or greater ownership interest in it.

3. Bromer, Alexandra M.—Perkins Coie LLP—is counsel for Petitioners Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; The San Antonio Refinery LLC; and Placid Refining Company LLC.

4. Calumet Refining, LLC, a limited liability company formed under the laws of Delaware, is owned 100 percent by Calumet Specialty Products Partners, L.P. On November 10, 2019, Calumet Refining, LLC, completed the sale to

Starlight Relativity Acquisition Company LLC of all the issued and outstanding membership interests in Calumet San Antonio Refining, LLC, now named The San Antonio Refinery LLC, which is a Petitioner.

5.   Calumet Shreveport Refining, LLC—Petitioner—is incorporated under the laws of Delaware and owned 100 percent by Calumet Specialty Products Partners, L.P.

6.   Calumet Specialty Products Partners, L.P.—parent of Petitioner Calumet Shreveport Refining, LLC—is incorporated under the laws of Delaware. Calumet Specialty Products Partners, L.P., is a refiner of petroleum products and a publicly traded company. The Heritage Group owns 12.28 percent of the common stock of Calumet Specialty Products Partners, L.P., and there are no other known persons or entities that own more than ten percent of it. Calumet Specialty Products Partners, L.P., was also listed in Petitioner The San Antonio Refinery LLC's Certificate of Interested Persons likely due to Calumet Specialty Products Partners, L.P.'s 100 percent ownership of Calumet Refining, LLC.

7.   CVR Energy, Inc., is incorporated under the laws of the State of Delaware and is publicly traded on the New York Stock Exchange under the symbol "CVI."

8. CVR Refining, LLC—parent of Petitioner Wynnewood Refining Co., LLC—is incorporated under the laws of the State of Delaware and is a wholly owned subsidiary of CVR Refining, L.P.

9. CVR Refining, L.P., is incorporated under the laws of the State of Delaware and is an indirect, wholly owned subsidiary of CVR Energy, Inc.

10. Dyl, Shelby L.—Pillsbury Winthrop Shaw Pittman LLP—is counsel for Intervenors Renewable Fuels Association, Growth Energy, American Coalition for Ethanol, National Farmers Union, and National Corn Growers Association.

11. Ergon, Inc. is the parent company of Petitioners Ergon Refining, Inc., and Ergon-West Virginia, Inc.

12. Ergon Refining, Inc.—Petitioner—is incorporated under the laws of Mississippi and is a refiner of petroleum products. Ergon Refining, Inc., is wholly owned by parent company Ergon, Inc. No publicly held company has a ten percent or greater ownership interest in Ergon Refining, Inc.

13. Ergon-West Virginia, Inc.—Petitioner—is incorporated under the laws of Mississippi and is a refiner of petroleum products. Ergon-West Virginia, Inc., is wholly owned by parent company Ergon, Inc. No publicly held company has a ten percent or greater ownership interest in Ergon-West Virginia, Inc.

14. Gershenfeld, Andrew K.—White & Case LLP—is counsel for Petitioner Wynnewood Refining Co., LLC.

15. Growth Energy—Intervenor—is a nonprofit trade association. Its members are ethanol producers and supporters of the ethanol industry. It operates to promote the general commercial, legislative, and other common interests of its members. Growth Energy does not have a parent company, and no publicly held company has a ten percent or greater ownership interest in it.

16. Hardin, Jonathan G.—Perkins Coie LLP—is counsel for Petitioners Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; The San Antonio Refinery LLC; and Placid Refining Company LLC.

17. Harrison, Bryan J.—Attorney, United States Department of Justice—is counsel for Respondent United States Environmental Protection Agency.

18. Hershey, Samuel P.—White & Case LLP—is counsel for Petitioner Wynnewood Refining Co., LLC.

19. Hughes, Jeffery—Attorney, United States Department of Justice—is counsel for Respondent United States Environmental Protection Agency.

20. Huston, Michael—Perkins Coie LLP—is counsel for Petitioners Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; The San Antonio Refinery LLC; and Placid Refining Company LLC.

21. Icahn Enterprises, L.P., and its affiliates hold a ten percent or greater ownership interest in CVR Energy, Inc. Icahn Enterprises, L.P., is a publicly traded partnership under the symbol "IEP."

22. Lauria, Thomas E.—White & Case LLP—is counsel for Petitioner Wynnewood Refining Co., LLC.

23. Lehn, David M.—Boies Schiller Flexner LLP—is counsel for Intervenor Growth Energy.

24. Morical, Gregory J.—Calumet Specialty Products Partners, L.P.—is counsel for petitioner Calumet Shreveport Refining, LLC.

25. Morrison, Matthew M.—Pillsbury Winthrop Shaw Pittman LLP—is counsel for Intervenors Renewable Fuels Association, Growth Energy, American Coalition for Ethanol, National Farmers Union, and National Corn Growers Association.*

26. National Corn Growers Association ("NCGA")—Intervenor—is a nonprofit trade association. Its members are corn farmers and supporters of the agriculture and ethanol industries. NCGA promotes the general commercial, legislative, and other common interests of its members. NCGA does not have a parent company and issues no stock.

27. National Farmers Union ("NFU")—Intervenor—is a nonprofit trade association. Its members include farmers who produce biofuel feedstocks and consume large quantities of fuel. NFU promotes the general commercial, legislative, and other common interests of its members. It does not have a parent

company, and no publicly held company has a ten percent or greater ownership interest in it.

28. Placid Holding Company is the parent of Petitioner Placid Refining Company LLC.

29. Placid Refining Company LLC—Petitioner—is a limited liability company organized under the laws of Delaware and is a refiner of petroleum products. Placid Refining Company LLC is owned 100 percent by its parent companies Placid Holding Company and RR Refining, Inc., and no publicly held company has a ten percent or greater ownership interest in it.

30. Pullins, Taylor—White & Case LLP—is counsel for Petitioner Wynnewood Refining Co., LLC.

31. Renewable Fuels Association—Intervenor—is a nonprofit trade association. Its members are ethanol producers and supporters of the ethanol industry. It operates for the purpose of promoting the general commercial, legislative, and other common interests of its members. The Renewable Fuels Association does not have a parent company, and no publicly held company has a ten percent or greater ownership interest in it.

32. RR Refining, Inc. is parent of Petitioner Placid Refining Company LLC.

33. The San Antonio Refinery LLC—Petitioner—is a Delaware limited liability company (f/k/a Calumet San Antonio Refining, LLC) and is a refiner of petroleum products. The San Antonio Refinery LLC is owned 100 percent by Starlight Relativity Acquisition Company LLC.

34. Shah, Sopen—Perkins Coie LLP—is counsel for Petitioners Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; The San Antonio Refinery LLC; and Placid Refining Company LLC.

35. Starlight Relativity Acquisition Company LLC is a Delaware limited liability company. Starlight Relativity Acquisition Company LLC is a holding company based in the United States. Starlight Relativity Acquisition Company LLC is owned 83.22 percent by Starlight Relativity Holdings LLC and 16.88 percent by TexStar Midstream, LLC, and is not publicly traded.

36. United States Environmental Protection Agency is Respondent.

37. Wolff, Eric B.—Perkins Coie LLP—is counsel for Petitioners Calumet Shreveport Refining, LLC, and The San Antonio Refinery LLC.

38. Worsham, Karl J.—Perkins Coie LLP—is counsel for Petitioners Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; The San Antonio Refinery LLC; and Placid Refining Company LLC.

39. Wynnewood Refining Company, LLC—Petitioner—is incorporated under the laws of the State of Delaware and is a wholly owned subsidiary of CVR Refining, LLC.

Dated: December 22, 2023　　　　　　　　s/ *Bryan J. Harrison*
　　　　　　　　　　　　　　　　　　　　BRYAN J. HARRISON
　　　　　　　　　　　　　　　　　　　　*Counsel for Respondent EPA*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Case No. 22-60266 (consolidated with Nos. 22-60425, 22-60433 & 22-60434)

CALUMET SHREVEPORT REFINING, LLC, ET AL.,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent*.

On Consolidated Petitions for Review of Final Agency Actions of the
United States Environmental Protection Agency

### JOINT UNOPPOSED MOTION OF RESPONDENT EPA AND INTERVENORS FOR EXTENSION OF TIME TO FILE A PETITION FOR REHEARING AND REHEARING EN BANC

Pursuant to Fed. R. App. P. 26(b) and Fifth Circuit Rules 27.1.1 and 35.4, Respondent United States Environmental Protection Agency ("EPA") and Intervenors Renewable Fuels Association, Growth Energy, American Coalition for Ethanol, National Farmers Union, and National Corn Growers Association (collectively, "Intervenors"), by counsel, and with the consent of Petitioners, hereby move this Court to extend the deadline for all parties within which to file a petition for rehearing and rehearing en banc by 14 days, until and including January 22, 2024. The judgment was entered on November 22, 2023, Doc. 409,

and, unless the time is extended, a petition for rehearing is due on or before January 8, 2024. *See* Fed R. App. P. 35(c), 40(a)(1).

The extension of time is necessary to allow EPA and Intervenors an opportunity to determine whether, and if so, to what extent, to petition for rehearing or rehearing en banc in this case. Accordingly, EPA and Intervenors request an extension of time for all parties until and including January 22, 2024, within which to petition for rehearing or rehearing en banc. Petitioners[1] do not oppose the relief requested.

In support of this request, EPA and Intervenors state as follows:

1.     In these consolidated petitions, six Petitioners challenge EPA's April 2022 Denial of Petitions for Renewable Fuel Standard Small Refinery Exemptions ("April 2022 Denial Action") and June 2022 Denial of Petitions for Renewable Fuel Standard Small Refinery Exemptions ("June 2022 Denial Action," collectively the "2022 Denial Actions"). Petitioners filed their petitions for review of the April 2022 Denial Action in May and June 2022. Petitioners filed their petitions for review of the June 2022 Denial Action in August 2022.

---

[1] Petitioners are: Calumet Shreveport Refining, LLC, Placid Refining Company, LLC, Wynnewood Refining Company, LLC, Ergon Refining, Inc., Ergon-West Virginia, Inc., and The San Antonio Refinery, LLC.

2. On November 22, 2023, this Court issued an opinion granting the petitions for review, vacating the challenged 2022 Denial Actions as to these Petitioners, and remanding the 2022 Denial Actions to EPA for "further consideration." Doc. 408-1. In its opinion, this Court also denied EPA's motion to dismiss or transfer venue to the United States Court of Appeals for the District of Columbia Circuit. Doc. 408-1 at 30. In addition, this Court concluded that "EPA's denials of petitioners' small refinery exemption petitions are impermissibly retroactive," EPA's "interpretation of the small refinery exemption petition provisions of the CAA is contrary to law," and finally that EPA's adjudications of petitioners' exemptions was arbitrary and capricious. *Id.*

3. On the same day, the Court entered judgment. *See* Doc. 409.

4. The Court's opinion addresses several significant issues on venue, retroactivity, statutory interpretation, and arbitrary and capricious review. Accordingly, EPA and Intervenors reasonably request more time to determine whether to petition for rehearing or rehearing en banc on these issues.

5. In addition, the timing of the Court's November 22, 2023 decision has complicated the United States' ability to complete and undertake the required review and approval processes. The United States' review process requires multiple levels of review and recommendations that result in formal recommendations to, and an ultimate decision from, the Solicitor General. The

United States has endeavored to undertake this process as expediently as possible. But with the decision being issued the day before the Thanksgiving holiday weekend and with EPA's deadline to petition for rehearing and rehearing en banc falling the week after the winter holidays, the United States requests this extra time so that it can meaningfully analyze and decide how it intends to proceed.

6.     No party would be harmed by the proposed extension.  Petitioners do not oppose the requested relief.

For these reasons, EPA and Intervenors ask this Court to extend the deadline for all parties within which to file a petition for rehearing and rehearing en banc by 14 days, until and including January 22, 2024, to allow them further time to determine whether, and if so, to what extent, to petition for such relief.

                    Respectfully submitted,

                    TODD KIM
                    Assistant Attorney General

|  |  |
|---|---|
| Of Counsel: | s/ *Bryan J. Harrison* |
|  | BRYAN J. HARRISON |
|  | JEFFREY HUGHES |
| SUSAN STAHLE | U.S. Department of Justice |
| U.S. Environmental Protection Agency | Environment and Natural Resources Division |
| Office of General Counsel | Environmental Defense Section |
| Washington, DC | P.O. Box 7611 |
|  | Washington, DC 20044-7611 |
|  | Telephone: (202) 307-0930 (Harrison) |
|  | Telephone: (202) 305-4598 (Hughes) |
|  | bryan.harrison@usdoj.gov |
|  | jeffrey.hughes@usdoj.gov |
|  |  |
|  | *Counsel for Respondent United States Environmental Protection Agency* |
|  |  |
| s/ Matthew W. Morrison | s/ *David M. Lehn* |
| MATTHEW W. MORRISON | DAVID M. LEHN |
| SHELBY L. DYL | Boies Schiller Flexner LLP |
| Pillsbury Winthrop Shaw Pittman LLP | 1401 New York Avenue NW |
| 1200 Seventeenth Street NW | Washington, DC 20005 |
| Washington, DC 20036-3006 | Telephone: (202) 237-2727 |
| Telephone: (202) 663-8036 | dlehn@bsfllp.com |
| matthew.morrison@pillsburylaw.com |  |
| shelby.dyl@pillsburylaw.com | *Counsel for Intervenor Growth Energy* |

*Counsel for Intervenors Renewable Fuels Association, Growth Energy, American Coalition for Ethanol, National Farmers Union, and National Corn Growers Association*

Dated: December 22, 2023

5

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 682 words according to the count of Microsoft Word, excluding the parts of the response exempted by Fed. R. App. P. 32(f), and is thus within the word limit of 5,200 words.

I further certify that this response complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and is double-spaced, except for headings, block quotes, and footnotes.

Dated:  December 22, 2023         s/ *Bryan J. Harrison*
                                  BRYAN J. HARRISON

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to 5th Cir. R. 25.2.8, I filed via CM/ECF the foregoing, which will effectuate service on all counsel of record who are required to be registered on CM/ECF.

Dated:  December 22, 2023             s/ *Bryan J. Harrison*
                                      BRYAN J. HARRISON